The STATE of Ohio, Appellee,

v.

KEMPER, Appellant.

[Cite as *State v. Kemper,* 158 Ohio App.3d 185, 2004-Ohio-4050.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2002–CA–65.

Decided July 30, 2004.

David E. Smith, Clark County Assistant Prosecuting Attorney, for appellee.

Joyce M. Deitering, for appellant.

---

FAIN, Presiding Judge.

{¶ 1} Defendant-appellant, Gerald A. Kemper, appeals from his conviction and sentence, following a jury trial, for failure to appear. Kemper contends that the trial court erred by overruling his objection to testimony by his former attorney to the effect that she had forwarded him notice of the hearing date at which he failed to appear. Kemper contends that this testimony violated both his attorney-client privilege and the work-product privilege.

{¶ 2} We conclude that the information that Kemper's previous attorney had forwarded him notice of the hearing date is not within the scope of the attorney-client privilege. With respect to the claim of work-product privilege, it was not asserted in the trial court. Further, the work-product privilege is provided for by Civ.R. 26(B)(3), which does not apply in a criminal case, and it also applies only to materials "prepared in anticipation of litigation or for trial," which does not cover an attorney's having merely notified her client of a hearing date.

{¶ 3} Accordingly, the judgment of the trial court is affirmed.

I

{¶ 4} In May 2001, Kemper was arrested, and he was subsequently indicted in the Clark County Common Pleas Court. Kemper was released on a recognizance bond on August 2, 2001. In October 2001, Kemper's trial counsel, Lisa Niles, applied to withdraw. That motion was set for hearing on November 1, 2001.

{¶ 5} Kemper did not appear at the motion hearing on November 1, 2001. He was indicted on the charge of failure to appear, as a result of his failure to appear at the motion hearing on November 1, 2001.

{¶ 6} The state subpoenaed Lisa Niles, Kemper's former trial counsel, to testify at Kemper's trial for failure to appear. Kemper moved to quash that subpoena, contending that the testimony of Lisa Niles would violate Kemper's attorney-client privilege. Nowhere in that motion was the work-product privilege referred to. At trial, Kemper renewed his motion to quash the subpoena of Lisa Niles and again based his motion solely upon a claimed violation of his attorney-client privilege. The motion was overruled.

{¶ 7} When, during the trial, Lisa Niles was called to testify, Kemper again objected to her testimony, upon the grounds that her testimony violated his attorney-client privilege. Once again, no reference was made to a claim of work-product privilege. The objection was overruled.

{¶ 8} Finally, during her testimony, Lisa Niles herself raised the issue of attorney-client privilege. Once again, the trial court ruled that her testimony concerning her having given Kemper notice of a November 1, 2001 motion hearing was not within the scope of the attorney-client privilege, and Lisa Niles answered the questions put to her by the state.

{¶ 9} Following a jury trial, Kemper was found guilty of failure to appear, based upon his nonappearance at the November 1, 2001 motion hearing. A judgment of conviction was entered, and Kemper was sentenced accordingly. From his conviction and sentence, Kemper appeals.

II

{¶ 10} Kemper's sole assignment of error is as follows:

{¶ 11} "Whether the trial court erred in ordering former defense counsel to testify over the objection of defendant when the attorney-client privilege was not waived."

{¶ 12} Kemper asserts that his attorney-client privilege was violated when his former attorney, Lisa Niles, was compelled to testify, over Kemper's objection, concerning her having provided Kemper with notice of the November 1, 2001 motion hearing.

{¶ 13} R.C. 2317.02 provides:

{¶ 14} "The following persons shall not testify in certain respects:

{¶ 15} "(A) An attorney, concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client * * *."

{¶ 16} We conclude that the subject matter of Niles's testimony—her having provided Kemper with notice of the motion hearing on November 1, 2001— constitutes neither a communication made to her by Kemper nor her advice to Kemper and is therefore outside the scope of the attorney-client privilege.

{¶ 17} In reaching this conclusion, we are in accord with *Antoine v. Atlas Turner, Inc.* (C.A.6, 1995), 66 F.3d 105, 110, construing Ohio law, in which the United States Court of Appeals for the Sixth Circuit held that "an attorney's message to his client concerning the date and time of court proceedings is not privileged communication." We are also in accord with *United States v. Clemons* (C.A.5, 1982), 676 F.2d 124, in which it was held that an attorney's message to his client concerning the date of trial is not a privileged communication, in the context of a prosecution for willfully failing to appear.

{¶ 18} Kemper has cited no contrary authority, and we are not aware of any.

{¶ 19} In his argument in support of his assignment of error, Kemper argues, for the first time, that Niles's testimony should have been excluded under the work-product privilege. We conclude that Kemper may not raise this issue at this late date, not having asserted the work-product privilege in the trial court.

{¶ 20} The work-product privilege is a civil privilege, arising by virtue of Civ.R. 26(B)(3). It provides that a party may obtain discovery of materials "prepared in anticipation of litigation or for trial" only upon a showing of good cause. In our view, Niles's merely having advised Kemper of the time and place for the motion hearing on November 1, 2001, does not involve materials prepared

"in anticipation of litigation or for trial," even if the work-product privilege under the civil rules were deemed to have application in a criminal case.

{¶ 21} Kemper's sole assignment of error is overruled.

### III

{¶ 22} Kemper's sole assignment of error having been overruled, we affirm the judgment of the trial court.

Judgment affirmed.

BROGAN and WOLFF, JJ., concur.