DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a grant of summary judgment by the Lucas County Court of Common Pleas, Probate Division, regarding claims against a trustee bank for breach of trust, waste and mismanagement, fraud, and negligent misrepresentation. Because we conclude that material facts remain in dispute as to certain claims, we reverse in part and affirm in part.
 {¶ 2} Appellant, Russell Dejaiffe, was the sole primary beneficiary under two trusts set up by appellant's father, Raymond Dejaiffe, and stepmother, Mareda Dejaiffe. Raymond died in 1997 and Mareda then died on March 28, 2000. Appellee, KeyBank USA National Association ("KeyBank") administered these trusts and became the successor trustee after Mareda died. The trust agreements provided that one year after the death of the last of the two grantors, one-fifth of the trust principals was to be distributed to Russell, if living. The remaining principal balance of the two trusts was then to be divided into fourths and completely distributed at one year intervals over the next four years. Some or all of the interest or other yearly income from the trusts was also to be distributed to Russell, but with the amount left to appellee's discretion, after consideration of Russell's income and financial situation. Each trust had contingent beneficiaries, should Russell die prior to distribution of the trust funds.
 {¶ 3} During the year following Mareda's death, Russell became increasingly dissatisfied with KeyBank's handling of the trust accounts. Although a KeyBank employee indicated payment would be made, no interest income distributions were ever made. The initial one-fifth principal distribution was also not made on March 28, 2001, the one year anniversary of Mareda's death. KeyBank had indicated to Russell that, for various reasons, it had encountered difficulties completing the title transfer of assets, especially some funds held by an investment company known as Mainstay. Many letters and inquiries passed between Russell and various KeyBank employees regarding the status and delay of the distribution of the trust funds. Russell indicated his dissatisfaction with not only KeyBank's actions, but also with legal services provided by the law firm of Eastman Smith, Ltd. With no indication that the trust distributions would soon be made, on May 9, 2001, Russell informed KeyBank that he was removing it as trustee, and that the successor trustee would handle all further activities on the trusts, including any distributions. During the time that KeyBank was trustee, the aggregate value of the two trusts was approximately $850,000.
 {¶ 4} In February 2003, appellant filed an action against KeyBank for declaratory judgment action, an accounting, and alleging damages resulting from claims for breach of trust, breach of fiduciary duty, waste and mismanagement, fraud, and negligent misrepresentation. Appellee's claims were based on KeyBank's delay in distributions, its administrative actions, and alleged damages which resulted.
 {¶ 5} Appellee filed a motion for summary judgment, submitting bank documents, correspondence, and employee and expert testimony depositions. Appellee argued that there was no evidence that it had breached its fiduciary duties or duty of trust, or had committed fraud, misrepresentation, or waste in its management of the trusts. Appellant opposed the motion, also submitting correspondence from the bank and his own expert testimony regarding the propriety of appellee's actions.
 {¶ 6} The trial court declared that appellee did have a duty to distribute a portion of the funds on March 28, 2001. The court determined, however, that "competent, credible evidence" demonstrated that appellant had not shown that KeyBank's delay was a breach of trust or fiduciary duty. The court further granted summary judgment as to appellant's claims for negligent misrepresentation, fraud, and waste and mismanagement. The trial court denied summary judgment, however, as to one of appellant's claims for breach of fiduciary duty, determining that material issues of fact remained in dispute as to the reasonableness of appellee's failure to distribute income from the trust during the year after Mareda's death. In order to appeal the court's summary judgment ruling, appellant dismissed his remaining claim pursuant to Civ.R. 41(A)(1).
 {¶ 7} Appellant now appeals from the court's decision, arguing the following five assignments of error:
 {¶ 8} "Assignment of Error No. 1: The trial court erred by granting summary judgment in favor of Appellee in its May 6, 2005 Judgment Entry (Appendix 1) when genuine issues of material fact exist concerning whether Appellee breached its duty to distribute one fifth (1/5) of the principal of the trust property to Appellant on March 28, 2001.
 {¶ 9} "Assignment of Error No. 2: The trial court erred by granting summary judgment in favor of Appellee in its May 6, 2005 Judgment Entry (Appendix 1) when genuine issues of material fact exist concerning whether Appellee breached its duty to merge the two trusts on or about December 26, 2000.
 {¶ 10} "Assignment of Error No. 3: The trial court erred by granting summary judgment in favor of Appellee in its May 6, 2005 Judgment Entry (Appendix 1) when genuine issues of material fact exist concerning whether Appellee committed fraud or negligent misrepresentation.
 {¶ 11} "Assignment of Error No. 4: The trial court erred by granting summary judgment in favor of Appellee in its May 6, 2005 Judgment Entry (Appendix 1) when genuine issues of material fact exist concerning whether Appellee committed waste or mismanagement of the trust assets.
 {¶ 12} "Assignment of Error No. 5: The trial court erred by denying Appellant's Motion to Compel in its May 6, 2005 Judgment Entry (Appendix 1) for certain documents retained by the law firm of Eastman Smith, Ltd."
 I. {¶ 13} In his first assignment of error, appellant argues that the trial court erred in granting summary judgment concerning appellee's actions in failing to distribute one-fifth of the trust principal as required by the trust.
 {¶ 14} The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
 {¶ 15} A motion for summary judgment first compels the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. If the moving party satisfies that burden, the nonmoving party must then produce evidence as to any issue for which that party bears the burden of production at trial. See Dresher v. Burt (1996), 75 Ohio St.3d 280, 295, limiting Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, paragraph three of the syllabus. Finally, it is well established that an appellate court reviews summary judgments de novo; we review such judgments independently and without deference to the trial court's determination. Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711.
 {¶ 16} The elements of breach of fiduciary duty are: "(1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe the duty; and (3) an injury resulting proximately therefrom." Harwood v. Pappas Assoc., Inc.,
Cuyahoga App. No. 84761, 2005-Ohio-2442, at ¶ 26, citing Strockv. Pressnell (1988), 38 Ohio St.3d 207, 216. The duties of a trustee include the duty to administer the trust and not delegate that task to another, the duty of loyalty requiring the trustee to administer the trust solely in the interest of the beneficiaries, and the duty to exercise reasonable care and skill in administering the trust and preserving the trust property.Cassner v. Bank One Trust Co., N.A., 10th Dist. No. 03AP-1114,2004-Ohio-3484, at ¶ 28, citing, generally, Restatement of the Law 2d, Trusts (1959), Sections 169-177.
 {¶ 17} The standard of care and skill required of a trustee in administering the trust and in preserving the trust property is the objective standard of a reasonable person in dealing with his or her own property. Cassner, supra, citing Restatement of the Law 2d, Trusts (1959), Sections 174 and 176. When a trustee, through acts or omissions, falls below the required standard of care and negligently manages the trust property, an aggrieved beneficiary may pursue an action to recover the loss or depreciation in value of the trust estate resulting from the breach of trust. Cassner, supra, at ¶ 29, citing Restatement of the Law 2d, Trusts (1959), 458, Section 205.
 {¶ 18} Before reviewing whether summary judgment was proper, we must first address the issue of the status of the expert testimony submitted by appellant to the trial court to rebut appellee's motion for summary judgment. Evid.R. 703 states that "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence * * *." For facts or data to be perceived by the expert, the facts must either be within the personal knowledge of the expert or based upon facts shown by other evidence. Kraner v. Coastal Tank Lines, Inc. (1971),26 Ohio St.2d 59, 60, citing to Burens v. Indus. Comm. of Ohio (1955),162 Ohio St. 549, paragraph one of the syllabus; State v. Minor
(1988), 47 Ohio App.3d 22, 24.
 {¶ 19} Weaknesses in the factual bases of an expert's testimony go to the weight and credibility of the expert's testimony, not to its admissibility. Steffy v. Blevins, 10th Dist. No. 02AP-1278, 2003-Ohio-6443, ¶ 18, citing to PacificGreat Lakes Corp. (1998), 130 Ohio App.3d 477, 503; Johnson v.Knipp (1973), 36 Ohio App.2d 218, 220 ("The absence of certain facts, or the failure of proof of others, goes to the weight and credibility of the testimony, and not to its admissibility. The burden falls on the opposing party to discredit or minimize the expert's testimony through cross-examination * * *.") Furthermore, opinion testimony is not deemed inadmissible merely because it embraces the ultimate issue to be decided by the trier of fact. Evid.R. 704.
 {¶ 20} In this case, the record shows that two depositions by appellant's expert, Phillip Kaufmann, were filed with the court prior to its determination and entry of summary judgment on May 6, 2005. The first deposition, taken in November 2004, was filed in January 2005; the second, a video deposition, was taken in March 2005, and a transcript was filed with the court on April 8, 2005. Appellee's counsel made objections during these depositions, but nothing in the record indicates that appellant requested, or that the trial court ever made, specific rulings on these objections. Although appellee may have challenged Kaufmann's qualification as an expert in its motion for summary judgment, the trial court did not disqualify him as such. Rather, the court stated that appellant "submitted no admissible evidence" refuting appellee's expert testimony because Kaufmann's opinions were "given without knowledge of all the facts." This determination was improper for two reasons.
 {¶ 21} First, the trial court failed to indicate specifically which parts of Kaufmann's testimony it deemed inadmissible. Moreover, even presuming Kaufmann based his opinions on incomplete facts, this would not make his testimony inadmissible. Rather, his testimony and credibility would have been merely subject to attack by cross-examination. Evidence weight and credibility are not properly considered on summary judgment.
 {¶ 22} Second, it appears that the trial court may have inadvertently overlooked the second deposition, filed in April 2005, which addresses the very issues which concerned the trial court. In his first deposition, Kaufmann testified that it was not just the final distribution delay which was unreasonable, but KeyBank's initial three-month delay in contacting Mainstay about the transfer of assets. In his second deposition, based upon additional information, other depositions, and affidavits filed after the first deposition was taken, Kaufmann stated that any delay allegedly caused by Mainstay in the transfer of assets to KeyBank was irrelevant to the unreasonableness of KeyBank's delay in making the distribution.
 {¶ 23} Kaufmann opined that, even without "custody" of the Mainstay funds, KeyBank had other perfectly viable options to value the estate and make a distribution either on or shortly after the date specified in the trust. Kaufmann observed that, since the trust had other assets which could have been distributed, KeyBank's delay was unreasonable. Because Kaufmann based his opinions on information obtained from admissible documents provided by KeyBank or appellant, his deposition testimony was admissible under Evid.R. 703. Consequently, based upon all the evidence presented to the trial court, appellant's expert testimony sufficiently rebutted appellee's expert's opinion for the purposes of summary judgment. Therefore, the trial court erred in weighing the evidence and granting summary judgment to appellee on this issue, since the evidence presented established that material issues of fact remained in dispute as to the reasonableness of appellee's actions and delay in making the one-fifth distribution of the trust assets.
 {¶ 24} Accordingly, appellant's first assignment of error is well-taken.
 II. {¶ 25} In his second assignment of error, appellant claims the trial court erred in granting summary judgment as to appellee's breach of its duty of trust by failing to merge the Raymond and Mareda trusts.
 {¶ 26} "A trust is the right, enforceable in equity, to the beneficial enjoyment of property, the legal title to which is in another." Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 168. A beneficiary seeking to obtain relief for a breach of trust must plead and prove facts which show the existence of a fiduciary duty and the failure of the fiduciary to perform it. HuntingtonTrust Co., N.A. v. Kear (Apr. 23, 1991), 4th Dist. No. 1643, citing to Bogert, Trusts Trustees (2d Ed.Rev. 1982) 123, Sec. 871.
 {¶ 27} The powers and duties of a trustee are controlled by the terms of the trust instrument itself. In re Trust ofBrooke(1998), 82 Ohio St.3d 553, 557; Daloia v. FranciscanHealth Sys. (1997), 79 Ohio St.3d 98, 102. In general, "a trustee's authority over the trust property is defined and limited by the instrument creating the trust, and he should be strictly guided by its provisions, and should pursue his power strictly." Biles v. Webb (1928), 118 Ohio St. 346, 356. When construing provisions of a trust, a court's primary duty is to "ascertain, within the bounds of the law, the intent of the * * * settlor." Domo v. McCarthy (1993), 66 Ohio St.3d 312, 314. The express language of the trust guides the court in determining the intentions of the settlor. See Casey v. Gallagher (1967),11 Ohio St.2d 42. Any words used in the trust are presumed to be used according to their common, ordinary meaning. Albright v.Albright (1927), 116 Ohio St. 668, 763.
 {¶ 28} In addition, "the most fundamental duty owed by the trustee to the beneficiaries of the trust is the duty of loyalty * * *. It is the duty of a trustee to administer the trust solely in the interest of the beneficiaries." Pergram v. Herdrich
(2000), 530 U.S. 211, 224, citing to G. Bogert G. Bogert, Law of Trusts and Trustees Section 543 (2 Ed.Rev. 1980) (trustee must display throughout the administration of the trust complete loyalty to the interests of the beneficiary and must exclude all selfish interest and all consideration of the interests of third persons). As "long as a trustee executes the trust in good faith and within the limits of a sound discretion, a court of equity will not interfere with that discretion or undertake to substitute its discretion therefor." Hopkins v. Cleveland TrustCo. (1955), 163 Ohio St. 539, paragraph one of the syllabus.
 {¶ 29} In this case, both trust documents stated that "[w]ithout the order or approval of any court or person, and without regard to any statute, court decision, or regulation concerning actions by fiduciaries, Trustee shall have full power and authority * * * [t]o merge any of the separate trusts created hereunder * * * with any other trust created by Grantor, or by Grantor's Spouse, provided the terms of the other trust are substantially similar * * *." Appellant was the sole primary beneficiary of both trusts, with each of the two trusts had different contingent beneficiaries. Appellee eventually indicated that the two trusts would be merged. Although the merging may have been delayed, under the terms of the trust, appellee acted within its discretionary powers and did not have an absolute duty to merge the two trusts at a specific time. Therefore, appellee failed to demonstrate any breach concerning the merging of the trusts and we conclude that summary judgment as to that claim was properly granted.
 {¶ 30} Accordingly, appellant's second assignment of error is not well-taken.
 III. {¶ 31} In his third assignment of error, appellant contends that the trial court erred in granting summary judgment in favor of KeyBank regarding his claims for fraud and negligent misrepresentation. Although combined by the trial court, these are two legally distinct claims.
 {¶ 32} Fraud Claim
 {¶ 33} The trial court essentially granted summary judgment based upon a fraud analysis. The elements of fraud are:
 {¶ 34} "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance."Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55, citing Burr v. Stark Cty. Bd. of Commrs. (1986),23 Ohio St.3d 69, paragraph two of the syllabus.
 {¶ 35} In this case, evidence was presented that both appellant and appellee's agents became frustrated and highly irritated in dealing with the trust issues. Nevertheless, we can find no evidence that appellee or any of its agents knowingly or recklessly made false statements regarding the trusts with the intent to deceive or mislead appellant. Therefore, we conclude that summary judgment was properly granted as to appellant's fraud claim.
 {¶ 36} Negligent Misrepresentation Claim
 {¶ 37} The trial court failed to recognize and consider negligent misrepresentation as a separate claim. The elements of negligent misrepresentation are:
 {¶ 38} "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Mannov. St. Felicitas Elementary School, 161 Ohio App.3d 715,2005-Ohio-3132, at ¶ 33, quoting 3 Restatement of the Law 2d, Torts (1965) 126-127, Section 552(1), applied by the Supreme Court of Ohio in Gutter v. Dow Jones, Inc. (1986),22 Ohio St.3d 286, and Haddon View Invest. Co. v. Coopers Lybrand
(1982), 70 Ohio St.2d 154. See, also, Martin v. Ohio State Univ.Found., (2000), 139 Ohio App.3d 89, 104.
 {¶ 39} "A negligent misrepresentation does not lie for omissions; there must be some affirmative false statement."Manno, at ¶ 34, citing Leal v. Holtvogt (1998),123 Ohio App.3d 51, 62. "Liability for negligent misrepresentation is based upon the negligence of the actor in failing to exercise reasonable care or competence in supplying correct information."Marasco v. Hopewell, Franklin App. No. 03AP-1081, 2004-Ohio-6715, at ¶ 53, citing 4 Restatement of the Law 2d, Torts (1977), Section 552, Comment a. "`A representation made with an honest belief in its truth may still be negligent, because of lack of reasonable care in ascertaining the facts, or in the manner of expression, or absence of the skill and competence required by a particular business or profession.'"Marasco, at ¶ 53, quoting Martin, supra, at 103-104. Whether an actor used reasonable care in acquiring or communicating information is a question for the jury, "unless the facts are so clear as to permit only one conclusion." Marasco, at ¶ 53, citing 4 Restatement of the Law 2d, Torts (1977), Section 552, Comment e; see, also, Gentile v. Ristas, 160 Ohio App.3d 765,2005-Ohio-2197, at ¶ 78.
 {¶ 40} In the present case, appellant presented evidence that appellee's agents may have provided false information regarding the transfer and distribution of the trust assets. Unlike fraud, negligent misrepresentation does not require appellant to show that the actions complained of were made with an intent to deceive. Rather, the misrepresentations may have been the result of the lack of reasonable care by appellee's agents, an issue which, generally, must be determined by the trier of fact. Consequently, we conclude that, for the purposes of summary judgment, sufficient evidence was presented that appellee's agents may have negligently made false statements to appellant regarding its actions and trust income and principal distributions. Therefore, since material issues of fact remain in dispute, the trial court erred in granting summary judgment as to appellant's negligent misrepresentation claim.
 {¶ 41} Accordingly, appellant's third assignment of error is not well-taken as to the fraud claim, but is well-taken as to the negligent misrepresentation claim.
 1. IV. {¶ 42} We will address appellant's fourth and fifth assignments of error together. In his fourth assignment of error, appellant claims that the trial court erred in granting summary judgment in favor of KeyBank as to his claims for waste or mismanagement of the trust assets. In his fifth assignment of error, appellant argues that the trial court erred in denying his motion to compel the disclosure of certain documents within the control of the law firm, Eastman Smith, who, at KeyBank's request, performed administrative and other legal services pertaining to the two trusts.
 {¶ 43} Civ.R. 26(B)(1) provides that the scope of discovery liberally includes "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." "The work-product privilege is a civil privilege, arising by virtue of Civ.R. 26(B)(3). It provides that a party may obtain discovery of materials `prepared in anticipation of litigation or for trial' only upon a showing of good cause." State v. Kemper,158 Ohio App.3d 185, 2004-Ohio-4050, at ¶ 20.
 {¶ 44} Generally, trial courts are given broad discretion in the management of discovery. State ex rel. Daggett v. Gessaman
(1973), 34 Ohio St.2d 55, 57. Absent an abuse of that discretion, a trial court's decision on a motion to compel will not be reversed. State ex rel. The V Cos. v. Marshall (1998),81 Ohio St.3d 467, 469. An abuse of discretion implies more than mere error of law, but that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 45} Nevertheless, "[t]he trial court cannot very well require the party opposing a motion for summary judgment to produce rebuttal evidence and at the same time deny that party an opportunity to discover that evidence." Hattie v. Sherman (June 17, 1998), 9th Dist. No. 97CA6809. The movant is not entitled to summary judgment while resisting discovery. All Erection CraneRental Corp. v. Bucheit, 7th Dist. No. 05 MA 16, 2006-Ohio-889, at ¶ 53; Roque v. Taco Bell, Inc. (Feb. 10, 2000), 8th Dist. No. 75413.
 {¶ 46} In this case, to establish that, as trustee, KeyBank may have paid for unnecessary legal services or excessive fees, appellant sought to review Eastman Smith's billing records and tax return documents pertaining to the Mareda and Raymond trusts. KeyBank and Eastman Smith responded that these documents were "attorney work product." After its in camera review of documents provided by Eastman Smith, the trial court merely determined that the documents were "unrelated and immaterial" to appellant's claims. The court did not deem the documents to be "attorney work product." By determining relevance, rather than that the documents were protected, the trial court improperly weighed evidence. Relevant or not, appellant should have been permitted to view the documents, since apparently they were not privileged or protected. Therefore, the trial court abused its discretion in denying appellant's motion to compel discovery and to view the billing and estate documents associated with the two trusts.
 {¶ 47} The trial court then granted summary judgment as to appellant's waste and mismanagement claims because the court determined appellant had not shown any damages which had not been "cured" by the filing of amended tax returns and a $2,860.77 payment. The court further determined that the Eastman Smith documents were not relevant to the remaining claim concerning the distribution of income. Since, as we noted, the trial court improperly limited discovery, and appellant had no opportunity to discover whether the Eastman Smith documents may, in fact, support his claims for waste or mismanagement, we conclude that summary judgment as to this claim was also improperly granted.
 {¶ 48} Accordingly, appellant's fourth and fifth assignments of error are well-taken.
 {¶ 49} The judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed in part, and reversed in part, and remanded to the trial court for proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., concur.