DECISION AND JUDGMENT ENTRY
{¶ 1} Anthony Hicks (hereinafter "Hicks") appeals his conviction for failure to appear, a fourth degree felony, in violation of R.C. 2937.29
and R.C. 2937.99. On appeal, Hicks contends the following: (1) because of the attorney-client privilege, the trial court erred by permitting Hicks's previous attorney to testify; (2) the trial court erred by not allowing Hicks to introduce evidence of his pertinent character traits of meeting court obligations and not acting recklessly; (3) the trial court erred by not granting Hicks's Crim. R. 29 motion; (4) the State's evidence was insufficient to support Hicks's conviction; and (5) Hicks's conviction was against the manifest weight of the evidence. Because we find no merit in any of Hicks's arguments, we disagree. First, the testimony of Hicks's previous attorney was outside the scope of the attorney-client privilege. Second, Hicks's claim *Page 2 
regarding character evidence is a new legal theory raised for the first time on appeal, and we find no plain error in the trial court's decision to exclude the evidence. Third, we believe that any rational trier of fact could have found the elements of failure to appear proven beyond a reasonable doubt. And finally, because of the substantial evidence against Hicks, we find that the jury did not lose its way in convicting him of failure to appear. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The State originally charged Hicks with Unlawful Sexual Conduct With a Minor pursuant to R.C. 2907.04. On March 22, 2002, the trial court released Hicks on his own recognizance after Hicks signed a bond wherein he promised to appear in court as required.
 {¶ 3} Hicks's original trial date is not entirely clear from the record, but the trial court apparently granted several continuances for various reasons. According to evidence proffered by Hicks, the trial court continued a March 24, 2003 trial date because Hicks had active duty military service in North Carolina. And the court continued a July 14, 2003 trial date because the military confined Hicks to his military base for medical tests. After these continuances, the court set a September 15, 2003 trial date for Hicks.
 {¶ 4} Hicks did not appear for the September 15, 2003 date. However, Hicks's attorney did appear. That morning, the trial court held a hearing in chambers with both Hicks's attorney and the prosecuting attorney present. At that hearing, Hicks's attorney explained that he had tried to notify Hicks of the *Page 3 
trial date through letters and phone calls. And although he had not actually talked to Hicks, he believed that Hicks knew of the September 15, 2003 trial date. After the hearing, the trial court ordered that a capias be issued for Hicks's failure to appear.
 {¶ 5} The record does not contain an explanation for Hicks's whereabouts after September 15, 2003. From the sentencing transcript in the present case, we know that Hicks went to trial on the Unlawful Sexual Conduct With a Minor Charge in May 2007. We also know that Hicks fought extradition from North Carolina.
 {¶ 6} On July 10, 2007, a Highland County Grand Jury indicted Hicks for failure to appear.
 {¶ 7} The State subpoenaed Hicks's prior attorney (hereinafter "first attorney") to testify at Hicks's failure to appear trial. Claiming that the attorney-client privilege prevented him from testifying, the first attorney filed a motion to quash that subpoena. Hicks also filed a motion to exclude his first attorney's testimony based on the attorney-client privilege, the work product privilege, and the privileged nature of his first attorney's communications to him. However, the trial court denied those motions, and his first attorney did indeed testify about his efforts to notify Hicks of the September 15, 2003 trial date.
 {¶ 8} Following a jury trial with a guilty verdict, the court convicted Hicks of failure to appear and sentenced him accordingly.
 {¶ 9} Hicks appeals, asserting the following assignments of error: I. "THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION *Page 4 
ASSERTING ATTORNEY CLIENT PRIVILEGE AND [HIS FIRST ATTORNEY'S] MOTION TO QUASH SUBPOENA." II. "THE TRIAL COURT ERRED WHEN IT FAILED TO ADMIT EVIDENCE AND TESTIMONY OFFERED BY DEFENSE RELEVANT TO THE ISSUE OF DEFENDANT'S TRAIT OF CHARACTER." III. "THE TRIAL COURT ERRED WHEN IT OVERRULED A RULE 29 MOTION AT THE CONCLUSION OF THE STATE'S CASE IN CHIEF WHERE THE STATE FAILED TO ESTABLISH ALL OF THE ELEMENTS OF THE OFFENSE CHARGED BEYOND A REASONABLE DOUBT, THEREBY DENYING THE DEFENDANT DUE PROCESS OF LAW AS GUARANTEE [sic] BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. AN [sic] OHIO CONSTITUTIONS." IV. "THE EVIDENCE PRESENTED TO THE JURY WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT DEFENDANT'S CONVICTION ON ONE COUNT OF FAILURE TO APPEAR IN VIOLATION OF ORC § 2937.29/2937.99. [sic]" And, V. "THE JURY VERDICT FINDING DEFENDANT GUILTY OF ONE COUNT OF FAILURE TO APPEAR IN VIOLATION OF ORC 2937.29/2937.99 [sic] WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 II. {¶ 10} In his first assignment of error, Hicks contends that his first attorney's testimony violated the attorney-client privilege. We disagree.
 {¶ 11} To answer this legal question, we must interpret R.C. 2317.02. Thus, our standard of review is de novo. See, e.g., State v.Coburn, Ross App. No. 08CA3062, 2009-Ohio-632, at ¶ 6. *Page 5 
 {¶ 12} Under R.C. 2317.02, "[t]he following persons shall not testify in certain respects: (A)(1) An attorney, concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client[.]"
 {¶ 13} The facts in the present case are nearly identical to the facts in State v. Kemper (2004), 158 Ohio App.3d 185, 2004-Ohio-4050. The defendant in Kemper was convicted of failure to appear for missing a hearing. Id. at ¶ 5. At trial, the defendant's prior attorney testified that she had forwarded notice of the hearing date to the defendant. Id. at ¶ 16. On appeal, the defendant claimed that the attorney's testimony violated his attorney-client privilege. Id. at ¶ 12.
 {¶ 14} In Kemper, the court "conclude[d] that the subject matter of [the attorney's] testimony-her having provided [the defendant] with notice of the motion hearing on November 1, 2001-constitutes neither a communication made to her by [the defendant] nor her advice to [the defendant] and is therefore outside the scope of the attorney-client privilege." Id. at ¶ 16. See, also, Antoine v. Atlas Turner, Inc.
(C.A.6, 1995), 66 F.3d 105, 110 (construing Ohio law and stating that "an attorney's message to his client concerning the date and time of court proceedings is not privileged communication.").
 {¶ 15} We agree that Kemper accurately reflects the current state of Ohio law. Here, Hicks's first attorney testified that he made several attempts to get notice of the scheduled trial date to Hicks. This testimony revealed neither communication from Hicks nor the first attorney's advice to Hicks. As a result, the first attorney's testimony was outside the scope of the attorney-client privilege.
 {¶ 16} Accordingly, we overrule Hicks's first assignment of error. *Page 6 
 III. {¶ 17} In his second assignment of error, Hicks contends that the trial court erred by not allowing Hicks to introduce evidence relevant to show his pertinent character traits of meeting past court obligations and not acting recklessly.
 {¶ 18} At trial, Hicks attempted to introduce evidence showing that he had either (1) met his past court obligations or (2) had those dates continued because of his military commitments. However, the trial court found the evidence irrelevant and barred Hicks from introducing it. Hicks then proffered several documents related to past continuances of his trial date.
 {¶ 19} Below, Hicks claimed the evidence was relevant as to whether he received notice of the September 15, 2003 trial date. But on appeal, Hicks for the first time argues that he should have been allowed to introduce this evidence under Evid. R. 404 and 405[1] to establish that it is in Hicks's character to meet his court obligations and not act recklessly. "Generally, a party cannot assert new legal theories for the first time on appeal." State v. Landrum (2000), 137 Ohio App.3d 718,722, citing Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43; see, also, State v. Smith, Trumbull App. No. 2007-T-0076,2008-Ohio-1501, at ¶ 16; State v. Pigg, Scioto App. No. 04CA2947,2005-Ohio-2227, at ¶ 34; Kemper at ¶ 19; State v. Perkins (2001),145 Ohio App.3d 583, 586. Therefore, *Page 7 
except for plain error, Hicks has forfeited his right to raise this issue for the first time here. See, e.g., Pigg at ¶ 34.
 {¶ 20} Pursuant to Crim. R. 52(B), we may notice plain errors or defects affecting substantial rights. "Inherent in the rule are three limits placed on reviewing courts for correcting plain error." State v.Payne (2007), 114 Ohio St.3d 502, at ¶ 15. "First, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be `plain' within the meaning of Crim. R. 52(B), an error must be an `obvious' defect in the trial proceedings. * * * Third, the error must have affected `substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." Id. at ¶ 16, quoting State v.Barnes (2002), 94 Ohio St.3d 21, 27 (omissions in original). We will notice plain error "only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, paragraph three of syllabus. And "[r]eversal is warranted only if the outcome of the trial clearly would have been different absent the error." State v. Hill (2001),92 Ohio St.3d 191, 203.
 {¶ 21} For the following reasons, we do not believe the trial court committed any error, let alone plain error, by not admitting the proffered evidence under Evid. R. 404 and 405.
 {¶ 22} For Hicks to succeed, he must first "show that the trial court abused its discretion in the admission or exclusion of the evidence in question, and that [Hicks] has been materially prejudiced thereby."State v. Martin (1985), 19 Ohio St.3d 122, 129. See, also, State v.Barnes (2002), 94 Ohio St.3d 21, 23, quoting *Page 8 State v. Issa (2001), 93 Ohio St.3d 49, 64. To find an abuse of discretion, we must determine that "the trial court acted unreasonably, arbitrarily, or unconscionably in excluding evidence offered under Evid. R. 404 and 405." Barnes at 23.
 {¶ 23} The proffered evidence appears to be inadmissible because it relates to specific instances of Hicks's past conduct. "[C]haracter may generally be proven by means of reputation and opinion testimony. However, only where character constitutes an element of a charge, claim, or defense may it be proven by means of specific acts of conduct."State v. Baker (1993), 88 Ohio App.3d 204, 209-210; see, also, State v.Collier, Butler App. No. CA2003-11-282, 2005-Ohio-944, at ¶ 18;State v. Howard (Aug. 24, 1999), Marion App. No. 9-99-12, unreported, at fn. 1; Evid. R. 405. Further, character does not constitute an essential element of failure to escape pursuant to R.C. 2937.29 and R.C. 2937.99. Therefore, Evid. R. 405 would prevent Hicks from introducing evidence of his past court dates to prove his pertinent character traits of meeting court obligations and not acting recklessly.
 {¶ 24} Therefore, we find that the trial court did not commit any error, let alone plain error, by not admitting Hicks's proffered evidence under Evid. R. 404 and 405.
 {¶ 25} Accordingly, we overrule Hicks's second assignment of error.
 IV. {¶ 26} In his third assignment of error, Hicks contends that the trial court erred by overruling Hicks's Crim. R. 29 motion. *Page 9 
 {¶ 27} Crim. R. 29(A) provides: "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 28} At the close of the State's case-in-chief, Hicks moved for a Crim. R. 29 acquittal, which the trial court denied. We review the trial court's denial of Hicks's Crim. R. 29 motion for acquittal for sufficiency of the evidence. When reviewing a case to determine if the record contains sufficient evidence to support a criminal conviction, we must "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Smith, Pickaway App. No. 06CA7, 2007-Ohio-502, ¶ 33, citing State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319.
 {¶ 29} The sufficiency of the evidence test "raises a question of law and does not allow us to weigh the evidence." Smith at ¶ 34, citingState v. Martin (1983), 20 Ohio App.3d 172, 175. Instead, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact [to fairly] resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id., citing Jackson, supra, at 319. This court will "reserve *Page 10 
the issues of the weight given to the evidence and the credibility of witnesses for the trier of fact." Id., citing State v. Thomas (1982),70 Ohio St.2d 79, 79-80; State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 30} The failure to appear offense is set forth in R.C. 2937.29, which in relevant part provides: "When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his own recognizance. A failure to appear as required by such recognizance shall constitute an offense subject to the penalty provided in section 2937.99
of the Revised Code." R.C. 2937.99 provides: "No person shall fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code. Whoever violates this section is guilty of failure to appear and shall be punished as set forth in * * * this section."
 {¶ 31} To prove failure to appear, the prosecution "must show that the offender (1) was released on his own recognizance, and (2)recklessly failed to appear at the court proceeding as required by the Court." State v. Platz (Aug. 6, 2001), Washington App. No. 00CA36, 2001-Ohio-2541 (emphasis added). Hicks argues that there is insufficient evidence to support his conviction because the State failed to prove that he had notice of the trial date.
 {¶ 32} "The provisions of R.C. 2937.29 and R.C. 2937.99 do not specify a requisite mental state. In that case, and absent a plain indication of a purpose to impose strict liability, `recklessness' is the degree of culpability which must be proven." State v. Fitzpatrick (Nov. 7, 2001), Scioto App. No. 01CA2765, 2001-Ohio-2619. See, also, State v.Treft, Wood App. Nos. WD-07-085, WD-08-012, *Page 11 2009-Ohio-1127, at ¶ 27; State v. Meadows, Lucas App. No. L-05-1321,2006-Ohio-6183, at ¶ 25; Platz at fn. 3. Hicks's interpretation of R.C. 2937.29 and R.C. 2937.99 would require the State to prove that Hicks acted knowingly. See R.C. 2901.22(B). But the State merely had to prove that Hicks recklessly failed to appear on September 15, 2003 as required by the court. Therefore, the State did not have to prove that Hicks had actual notice of the trial date.
 {¶ 33} Here, it is undisputed that Hicks was released on his own recognizance and failed to appear for court on September 15, 2003. Hicks's first attorney testified that he had sent letters about the trial date to the addresses of Hicks's mother and sister. These letters were not returned to the first attorney's office. Moreover, the first attorney believed that Hicks was living with his sister at the time.
 {¶ 34} Q: "— his sister's address having been where Mr. Hicks had been living, isn't that true?" Tr. P. 96, lines 17-19.
 {¶ 35} A: "If I said that at the time, I knew that at the time." Tr. P. 96, lines 20-21.
 {¶ 36} Beyond that, the first attorney had a phone conversation about the trial date with at least one member of Hicks's family.
 {¶ 37} And finally, the first attorney testified as follows:
 {¶ 38} Q: "So in your mind the Defendant knew about the September 15th, 2003, trial date?" Tr. P. 91; Lines 20-21.
 {¶ 39} A: "At that time [on September 15, 2003] I felt that he should have, yeah." Tr. P. 91; Line 22. *Page 12 
 {¶ 40} Based on Hicks's first attorney's testimony, and construing that testimony in favor of the State, we find that any rational trier of fact could have found that Hicks recklessly missed the September 15, 2003 trial date.
 {¶ 41} Consequently, after viewing the evidence in a light most favorable to the State, we find that any rational trier of fact could have found the essential elements of failure to appear proven beyond a reasonable doubt.
 {¶ 42} Accordingly, we overrule Hicks's third assignments of error.
 V. {¶ 43} In his fourth assignment of error, Hicks contends that there was insufficient evidence to support Hicks's conviction for failure to appear.
 {¶ 44} We review Hicks's sufficiency of the evidence claim using the same standard that we used to review Hicks's third assignment of error.State v. Gravelle, Huron App. No. H-07-010, 2009-Ohio-1533, at ¶ 37, citing State v. Carter (1995), 72 Ohio St.3d 545, 553. We have already found that the trial court did not err in denying Hicks's Crim. R. 29 motion for acquittal. Therefore, for the same reasons that we overruled Hicks's third assignment of error, we also overrule Hicks's fourth assignment of error.
 VI. {¶ 45} In his fifth assignment of error, Hicks contends that his conviction was against the manifest weight of the evidence.
 {¶ 46} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency is a test of the adequacy of the *Page 13 
evidence, while "[w]eight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other[.]'" State v. Sudderth, Lawrence App. No. 07CA38, 2008-Ohio-5115, at ¶ 27, quotingThompkins at 387.
 {¶ 47} "Even when sufficient evidence supports a verdict, we may conclude that the verdict is against the manifest weight of the evidence, because the test under the manifest weight standard is much broader than that for sufficiency of the evidence." Smith at ¶ 41. When determining whether a criminal conviction is against the manifest weight of the evidence, we "will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus. See, also, Smith at ¶ 41. We "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted." Smith at ¶ 41, citing State v. Garrow (1995), 103 Ohio App.3d 368, 370-371; State v.Martin (1983), 20 Ohio App.3d 172, 175. However, "[o]n the trial of a case, * * * the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. *Page 14 
 {¶ 48} In his defense, Hicks presented evidence that, as of May 15, 2003, Highland County had stopped mailing assignment notices to individual parties. Because of that procedural change, attorneys practicing in Highland County were informed "that you and / or your staff will be responsible for notifying your clients of all court dates after May 15, 2003." Defendant's Exhibit A. This evidence may have held more weight if Hicks's first attorney did not attempt to notify Hicks of the trial date. However, in attempting to notify his client, Hicks's first attorney went far beyond what reasonably could have been expected from the county. Not only did his first attorney send a notice to Hicks's known address, but he also tried to contact other members of Hicks's family. As a result, we afford little weight to the Highland County procedural change as evidence that Hicks did not act recklessly in failing to appear.
 {¶ 49} Finally, we once again note that the State did not have to prove that Hicks knowingly missed the trial date. Recklessness is the culpable mental state for failure to appear. Here, it is undisputed that Hicks knew he had a court obligation in Ohio. And despite Hicks's first attorney's earnest efforts to notify Hicks of the trial date, Hicks failed to show on September 15, 2003. As this Court stated under similar circumstances in Platz, Hicks "could just as easily have contacted his attorney or contacted the court to ascertain" the trial date.Platz.
 {¶ 50} Therefore, we cannot find that the jury, as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that Hicks's conviction must be reversed and a new trial granted. We find substantial evidence upon *Page 15 
which the trier of fact could reasonably conclude that all the elements of failure to appear were proven beyond a reasonable doubt, including that Hicks acted recklessly. Therefore, we find that Hicks's failure to appear conviction is not against the manifest weight of the evidence.
 {¶ 51} Accordingly, we overrule Hicks's fifth assignment of error. Having overruled all of Hicks's assignments of error, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED. *Page 16 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and McFarland, J.: Concur in Judgment and Opinion.
[1] Evidence Rule 404(A)(1) provides: "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, subject to the following exceptions * * * Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same is admissible[.]" And Evidence Rule 405(B) provides: "In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct." *Page 1