BECKER, Exr., Appellant,

v.

METZGER et al., Appellees.

[Cite as *Becker v. Metzger* (2001), 144 Ohio App.3d 52.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 00–JE–12.

Decided June 8, 2001.

*Nurenberg, Plevin, Heller & McCarthy Co., L.P.A., Richard L. Demsey, Thomas Mester* and *Brenda M. Johnson,* for appellant.

*Reminger & Reminger, Robert Warner* and *Erin Stottlemyer Gold,* for appellee Clyde C. Metzger, M.D.

*Kinsey, Allbaugh & King* and *Otto A. Jack, Jr.,* for appellee Trinity Health System.

---

WAITE, Judge.

This timely appeal arises from the trial court's order that Robert J. Becker ("appellant") produce the reports of experts not expected to testify at trial. For the following reasons, we reverse the judgment of the trial court.

On September 30, 1999, appellant, executor of the estate of Patricia L. Becker, filed a medical malpractice claim against appellee Clyde C. Metzger, M.D. On January 3, 2000, the trial court filed a pretrial/scheduling order which, among other things, ordered that no later than one-hundred twenty days before trial, appellant was to disclose expert trial witnesses and provide appellee with any reports prepared by those witnesses. The order also stated that "[appellant] shall provide to Counsel for [appellee] any report received from any expert, whether intended to be used as a trial witness or not that supports the claim of [appellant] against [appellee] upon written request of [appellee]." The order set trial for November 14, 2000.

On February 16, 2000, appellee filed a "Motion to Compel Any and All Expert Reports." On February 24, 2000, appellant filed a motion to continue the hearing regarding appellee's motion to compel. On that same day, the trial court filed a journal entry denying the motion to continue and granting the motion to compel. In that entry, the trial court ordered appellant "to forthwith provide a copy of any medical reports from any experts with respect to this case to Counsel for [appellee]." On March 10, 2000, appellant filed a "Motion to Reconsider the Court's Orders of February 24, 2000 and January 3, 2000." Appellant argued that the orders were in violation of Civ.R. 26(B)(4), which provides that absent a showing of special circumstances, a party may not discover an expert's opinion when that expert is not identified as a testifying expert. Appellant stated that he had not yet identified a testifying expert and that appellee had not demonstrated

any of the special circumstances necessary for discovery of the reports. Appellant also argued that he would be unduly prejudiced by complying with the order, as appellee's counsel would have a "road map" of appellant's claim prior to appellee's deposition with which counsel could gratuitously prepare his witness.

On March 17, 2000, the trial court filed a journal entry denying appellant's motion for reconsideration. The trial court stated:

"A reading of the complaint does not tell any Defendant what the nature of the complaint is or what acts of negligence were committed by any Defendant. Counsel for [appellant] have stated that they have received an opinion to warrant the filing of the complaint. No Defendant can properly defend or even retain an expert to assist in the defense or have the documents reviewed by an expert unless they know the nature of the claim."

On March 27, 2000, appellant filed his notice of appeal. On April 24, 2000, appellee filed a motion to dismiss this appeal, arguing that the trial court had not issued a final appealable order. On September 14, 2000, this court filed an opinion and journal entry overruling the motion to dismiss, stating that compliance with the discovery order in this case may result in irreparable harm, thus meeting the provisions of R.C. 2505.02, as amended.

Appellant's sole assignment of error asserts:

"The trial court abused its discretion when it ordered Mr. Becker to produce a consulting expert's pre-suit assessment of his claims to Dr. Metzger."

■ Appellant states that although the trial court has discretion to manage the discovery process, that discretion must be exercised in accordance with the rules of discovery. *Anderson v. A.C. & S., Inc.* (1992), 83 Ohio App.3d 581, 584, 615 N.E.2d 346, 347–348. Appellant argues that the trial court abused its discretion in that it violated Civ.R. 26(B)(4)(a), governing discovery of facts known and opinions held by nontestifying experts. Appellant emphasizes that "Civ.R. 26(B)(4)(a) allows for the discovery of experts consulted for trial preparation only upon a showing of 'undue hardship' or 'exceptional circumstances.' * * * Other than in those situations * * * it would appear that the identity of experts consulted prior to trial but who will not be called as witnesses as well as the findings or opinions of those experts are not subject to discovery by the opposing party." *Owens v. Bell* (1983), 6 Ohio St.3d 46, 54, 6 OBR 65, 73, 451 N.E.2d 241, 247–248 (Celebrezze, C.J., concurring).

Appellant contends that appellee did not demonstrate, or even claim, undue hardship or exceptional circumstances in order to warrant a departure from the discovery limitation. According to appellant, it appears that the trial court ordered him to disclose his expert reports because it found that appellant had not pled his claim with particularity. Appellant asserts that this does not constitute

undue hardship or extraordinary circumstances. Appellant notes that appellee has never claimed that the complaint was insufficient. If he so claimed, a Civ.R. 12(E) motion for a more definite statement is the proper remedy. Based on the record herein and the relevant laws, we find that this argument has merit.

The trial court has broad discretion in regulating the discovery process. *State ex rel. Grandview Hosp. & Med. Ctr. v. Gorman* (1990), 51 Ohio St.3d 94, 96, 554 N.E.2d 1297, 1299–1300. Determinations made during the course of discovery will not be reversed absent an abuse of that discretion that prejudicially affects a substantial right of a party. *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 58, 63 O.O.2d 88, 90, 295 N.E.2d 659, 661. In order to find that an abuse of discretion has occurred, an appellate court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and did not constitute merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142.

Civ.R. 26(B)(4)(a) states:

"Subject to the provisions of subdivision (B)(4)(b) of this rule * * * a party may discover facts known or opinions held by an expert retained or specially employed by another party in anticipation of litigation or preparation for trial only upon a showing that the party seeking discovery is unable without undue hardship to obtain facts and opinions on the same subject by other means or upon a showing of other exceptional circumstances indicating that denial of discovery would cause manifest injustice."

Civ.R. 26(B)(4)(b) provides:

"As an alternative or in addition to obtaining discovery under subdivision (B)(4)(a) of this rule, a party by means of interrogatories may require any other party (i) to identify each person whom the other party expects to call as an expert witness at trial, and (ii) to state the subject matter on which the expert is expected to testify. Thereafter, any party may discover from the expert or the other party facts known or opinions held by the expert which are relevant to the stated subject matter. Discovery of the expert's opinions and the grounds therefor is restricted to those previously given to the other party or those to be given on direct examination at trial."

It is apparent from the Civil Rules that the only methods by which an opposing party may obtain an expert report are by showing that he will undergo undue hardship in order to obtain facts and opinions on the subject of the discovery, showing other "exceptional circumstances," tending to prove that denial of the report would cause "manifest injustice," or by serving interrogatories upon the opponent requesting identification of experts expected to testify at trial.

The rules do not provide clear-cut guidelines as to what would be considered an "exceptional circumstanc[e]" or undue hardship, but they do provide some guidance. "For example the expert could be discovered if he was the only expert in a particular field." Civ.R. 26 Staff Notes (1994). In the matter before us, the record is devoid of any claim by appellee of undue hardship or exceptional circumstances that would entitle him to discover the expert report.

Likewise, there is no indication on the record that appellant identified his expert as one who might be expected to testify at trial. Appellee's motion to compel filed on February 16, 2000, states that appellee's counsel "provided Interrogatories and Request for Production of Documents to the plaintiff specifically requesting any and all expert reports * * *." However, nothing on the record indicates that appellee actually served the appellant with such requests. There is no notice of discovery by appellee on the record, nor has appellee attached or filed a copy of the alleged discovery requests or presented any further argument concerning his alleged discovery request. None of appellee's filings can be construed to be in compliance with the Civil Rules. Additionally, in its pretrial/scheduling order dated January 3, 2000, the trial court ordered the parties to disclose experts no later than one hundred twenty days prior to trial. Trial was scheduled November 14, 2000. Thus, it would appear that a motion to compel a trial expert was several months premature.

Based on the record before us, the trial court's order that appellant reveal his expert report is in direct contravention of the discovery rules. Such disregard is clearly not within the trial court's discretion.

The trial court's stated reasons for compelling appellant to reveal his expert report are also unsupported by the record. As noted earlier, the trial court granted the motion to compel because "[a] reading of the complaint does not tell any Defendant what the nature of the complaint is or what acts of negligence were committed by any Defendant. * * * No Defendant can properly defend or even retain an expert to assist in the defense or have the documents reviewed by an expert unless they know the nature of the claim."

In this ruling, the trial court has incorrectly interpreted and misapplied the Civil Rules. Pursuant to Civ.R. 8, the only information which is required of a plaintiff in a complaint is a "short and plain statement of the claim showing that the party is entitled to relief." *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064–1065. In the event a complaint falls short of informing a particular defendant as to the claims made against him, Civ.R. 12(E) provides a remedy. If a pleading, such as a complaint, is so vague or ambiguous that a party cannot reasonably be required to frame a response, he may move for a more definite statement before being required to file his response. In the matter at bar, this would have been the appropriate remedy if,

as the trial court *sua sponte* concluded, the complaint was vague and ambiguous. The record reflects that this was apparently not the case, however. Appellee never argued that the complaint was vague or ambiguous, and, in fact, appellee answered the complaint on October 15, 1999.

As earlier stated, the trial court's actions are even more puzzling considering that in its pretrial scheduling order, the court ordered appellant to disclose its expert trial witnesses one hundred twenty days prior to trial. The trial court's later order compelling disclosure of an expert who was not identified as a trial witness came well before the deadline imposed by the court and conflicts with its earlier order on two fronts.

As the trial court misinterpreted and misapplied the Rules of Civil Procedure as they apply to discovery matters and appeared to issue contradictory orders, the trial court acted erroneously in ordering appellant to disclose his expert witness reports. It is obvious that disclosure of reports of non-testifying experts could result in irreparable harm to appellant, as it would afford appellee an opportunity to tailor his deposition testimony. Although not necessary to our decision herein, we note with approval the holding of the Federal District Court for the Northern District of California regarding parallel Federal Rules of Civil Procedure:

"[T]he drafters of [the rule] wanted it to reinforce each litigant's motivation to aggressively develop his own side of any given case by retaining and relying on his own expert. The flip side of that objective was to discourage lazy or unscrupulous lawyers from trying to cut case-preparation corners by leaching basic information or valuable opinions from experts retained by their opponents." *In re Pizza Time Theatre Securities Litigation* (N.D.Cal.1986), 113 F.R.D. 94, 96.

For all of the foregoing reasons, the judgment of the common pleas court is reversed, and we remand this matter to the trial court for further proceedings according to law and consistent with this court's opinion.

*Judgment reversed*
*and cause remanded.*

GENE DONOFRIO and DEGENARO, JJ., concur.