DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Erie County Court of Common Pleas, granting a motion to compel discovery. Because we conclude that the trial court erred in granting the motion to compel without conducting a hearing or in camera inspection of documents, we reverse.
 {¶ 2} Appellants, Donald and Phyllis Nickels, owned a residence which they began renting to appellees, Thomas and Donna Stegman, in 1994. The lease provided that appellants would pay for insurance as to the house itself, but appellees could either purchase renter's insurance or self-insure to cover loss or damage to their personal property in the event of damage or destruction of the home. The Stegmans did not purchase renter's insurance.
 {¶ 3} On March 30, 2001, a fire destroyed the rental property, including all of the Stegmans' personal property. When the fire started, Mike Brewster, who had been hired by appellants to upgrade certain electrical components, was working on an electrical panel in the basement. He saw smoke seeping down through the floor boards and quickly exited the house, which was then completely destroyed by the fire.
 {¶ 4} Appellants' insurer, Ohio Mutual Insurance Group ("OMIG"), assigned an adjuster, Aleta Roberts, to handle the Nickels' insurance claim. On April 3, the Nickels received a $50,050 claim payment, and ultimately received a total payment of $78,790. The Stegmans were then notified that they had thirty days to retrieve property or arrange for inspection of the property. Ohio Mutual also hired an outside expert to evaluate and create a report as to his opinion on the fire and its possible causes.
 {¶ 5} The Stegmans did not arrange for a separate inspection of the residence or request that appellants delay demolition. They did, however, speak with and answer questions posed by the expert investigator hired by OMIG. The house was demolished over a period of four days, beginning on May 11, 2001. The Stegmans later sued appellants for damages, alleging that appellants had been negligent in the maintenance of the rental property. During discovery, the Stegmans sent interrogatories to appellants requesting "any and all documents which reference or pertain to inspection or investigative reports performed on the subject property after the fire." Appellants responded: "Objection. Testifying experts have not been identified as yet on [sic] such request violates Civil Rule 26(B)(4)."
 {¶ 6} The Stegmans then filed a motion to compel the production of all reports regarding any investigation of the causes of the fire. Appellants opposed the motion, asserting that certain documents, including a letter to potential defendants and the report created by the outside expert, were protected as attorney work product created in anticipation of litigation, under Civ.R. 26(B)(4). Without examining any documents or conducting a hearing, the trial court granted the Stegmans' motion to compel on the basis of undue hardship. The court ordered that the documents be disclosed since the house had been completely demolished, and the Stegmans had "no possible way * * * to obtain any facts about the cause of the fire." Along with a motion for reconsideration and request for a protective order, appellants submitted the documents to the trial court, under seal, and appealed from the court's judgment, arguing the following sole assignment of error:
 {¶ 7} "The trial court abused its discretion in its August 26, 2005 Judgment Entry by requiring Defendants/Appellants to produce to the Plaintiffs any expert reports and the identity of the person making the report or inspection as these materials are privileged pursuant to the work product doctrine codified in Ohio Civil Rule 26."
 {¶ 8} Civ.R. 26(A) sets forth the general policy regarding discovery and provides:
 {¶ 9} "It is the policy of these rules (1) to preserve the right of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (2) to prevent an attorney from taking undue advantage of his adversary's industry or efforts." Civ.R. 26(B)(1) provides that the scope of discovery liberally includes "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Trial preparation materials, also called attorney work product, encompass materials prepared in anticipation of litigation by a party or a party's representative and are discoverable only upon a showing of good cause. Civ.R. 26(B)(3); State v. Kemper, 158 Ohio App.3d 185,2004-Ohio-4050, at ¶ 20. "Good cause," under Civ.R. 26(B)(3), requires a showing of substantial need, that the information is important in the preparation of the party's case, and that there is an inability or difficulty in obtaining the information without undue hardship. Jackson v. Greger, 160 Ohio App.3d 258,2005-Ohio-1588, at ¶ 34; State v. Hoop (1987),134 Ohio App.3d 627, 642.
 {¶ 10} Civ.R. 26(B)(4), which specifically addresses information of trial preparation experts, provides that:
 {¶ 11} "(a) Subject to the provisions of subdivision (B)(4)(b) of this rule and Rule 35(B), a party may discover facts known or opinions held by an expert retained or specially employed by another party in anticipation of litigation or preparation for trial only upon a showing that the party seekingdiscovery is unable without undue hardship to obtain facts andopinions on the same subject by other means or upon a showing ofother exceptional circumstances indicating that denial ofdiscovery would cause manifest injustice.
 {¶ 12} "(b) As an alternative or in addition to obtaining discovery under subdivision (B)(4)(a) of this rule, a party by means of interrogatories may require any other party (i) to identify each person whom the other party expects to call as an expert witness at trial, and (ii) to state the subject matter on which the expert is expected to testify. Thereafter, any party may discover from the expert or the other party facts known or opinions held by the expert which are relevant to the stated subject matter. Discovery of the expert's opinions and the grounds therefore is restricted to those previously given to the other party or those to be given on direct examination at trial."
 {¶ 13} In other words, Civ.R. 26(B)(4)(c) gives courts the power "to control discovery under unfair circumstances where an expert may be paid by one party and deposed by the other party, who would garner the benefit of information without paying."Vance v. Marion Gen. Hosp., 165 Ohio App.3d 615, 2006-Ohio-146, at ¶ 13, citing Siegel v. Birnbaum (Feb. 20, 1997), 8th Dist. Nos. 69105, 69059. The discovery of experts consulted for trial preparation is permitted only upon a showing of undue hardship or exceptional circumstances. "Other than in those situations * * * it would appear that the identity of experts consulted prior to trial but who will not be called as witnesses as well as the findings or opinions of those experts are not subject to discovery by the opposing party." Owens v. Bell (1983),6 Ohio St.3d 46, 54 (concurring opinion). One example of an exceptional circumstance or undue hardship warranting discovery would be that the expert utilized by a party "was the only expert in a particular field." Civ.R. 26 Staff Notes (1994). Undue hardship might also be shown where an inequality of investigative opportunity demonstrates that a party had no other viable option for obtaining information sought. See Harpster v. AdvancedElastomer Sys., L.P., 9th Dist. No. 22684, 2005-Ohio-6919.
 {¶ 14} Once discovery is requested, the party claiming that documents or statements are work product, has the burden of showing that the materials should not be discoverable. Peyko v.Frederick (1986), 25 Ohio St.3d 164, 166. Although fact work product receives lesser protection and may be overcome by a showing of good cause, opinion work product, reflecting the attorney's mental impressions, opinions, conclusions, judgments or legal theories, receives near absolute protection. Helton v.Kincaid, 12th Dist. No. CA2004-08-099, 2005-Ohio-2794, ¶ 15, citing to State v. Hoop, supra.
 {¶ 15} Unlike the attorney-client privilege, which belongs to the client, "[t]he work-product doctrine * * * belongs to the attorney and assures him that his private files shall remain free from intrusions of opposing counsel in the absence of special circumstances. The work-product doctrine generally protects a broader range of materials than does the attorney-client privilege because the work-product doctrine protects all materials prepared in anticipation of trial." Frank W. Schaefer,Inc. v. C. Garfield Mitchell Agency, Inc. (1992),82 Ohio App.3d 322, 329. Material in an insurer's claims file is generally protected from discovery by third parties under the attorney-client privilege or work product doctrine. See Dennisv. State Farm Ins. Co. (2001), 143 Ohio App.3d 196. Nevertheless, information in an insurer's claims file sought to be protected from discovery as work product must have actually been "prepared in anticipation of litigation," and not merely in the ordinary course of business. Id., at 203. The ordinary business reports of an insurer during the initial investigation of a claim made by one of its insureds are not generally considered to have been "prepared in anticipation of litigation." Id.
 {¶ 16} Generally, trial courts are given broad discretion in the management of discovery. State ex rel. Daggett v. Gessaman
(1973), 34 Ohio St.2d 55, 57. Absent an abuse of that discretion, a trial court's decision on a motion to compel will not be reversed. State ex rel. The V Cos. v. Marshall (1998),81 Ohio St.3d 467, 469. An abuse of discretion implies more than mere error of law, but that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 17} Nonetheless, if requested discovery is arguably either opinion work product or ordinary fact work product, the trial court should conduct an evidentiary hearing and an in camera inspection to determine which portions of a file are privileged. See Peyko, supra, at 167. See, also, Miller v. Bassett, 8th Dist. No. 86938, 2006-Ohio-3590, at ¶ 16. Absent such hearing or inspection, any blanket grant of discovery is an abuse of discretion. Miller, supra. Moreover, a trial court has been found to have abused its discretion in granting a premature motion to compel disclosure of all expert reports when trial experts had not yet been designated. Becker v. Metzger (2001),144 Ohio App.3d 52, 56.
 {¶ 18} In this case, appellees contend that their cooperation with the expert hired by OMIG entitles them to a copy of the report generated by that expert. They also claim undue hardship because the house has been demolished, now preventing them from gathering their own information. What appellees do not acknowledge is that they themselves created the alleged hardship. Despite being notified that the house was to be demolished, they did not seek to have their own inspection of the property. Although the Stegmans may have assumed that they would be compensated in some way, nothing in the record indicates that OMIG or appellants ever told them they would receive a copy of the expert's report or that they would be covered by the OMIG policy. The information about the cause of the fire only became important to the Stegmans when they later filed suit.
 {¶ 19} The facts of this case illustrate the exact purpose behind Civ.R. 26(B)(4). Nothing in the record of this case indicates any extraordinary circumstances which would require the disclosure of appellants' expert report prior to his designation as a trial witness. Although it is true that the house is no longer available for inspection, appellees were notified and given the opportunity to arrange for their own inspection. Unlike the case in which a party has no notice to conduct his or her own inspection, or materials are limited for testing, the Stegmans had an opportunity to protect their own interests and opted to do nothing. Consequently, we cannot say that the circumstances in this case warrant the premature disclosure of appellants' expert's report, if prepared in anticipation of litigation.
 {¶ 20} Before any experts were designated as trial witnesses, appellees requested all expert reports, regardless of whether they had been generated for claims purposes or for litigation. Appellees may discover any unprivileged report generated in the ordinary course of business for the purpose of investigation and payment of insurance claims. The trial court failed, however, to conduct a hearing or in camera inspection to make the determinations as to whether the documents submitted under seal are privileged work product in anticipation of litigation or merely investigative business reports related to the processing of appellants' insurance claim. Therefore, we conclude that the trial court improperly granted appellees' motion for disclosure of appellants' expert's report.
 {¶ 21} Accordingly, appellants' sole assignment of error is well-taken.
 {¶ 22} The judgment of the Erie County Court of Common Pleas is reversed and remanded for the court to conduct an evidentiary hearing and to inspect the documents submitted under seal to make determinations which are consistent with this decision. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J., Skow, J., Parish, J. Concur.