DECISION AND JUDGMENT
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas that granted a motion to compel discovery. For the following reasons, the judgment of the trial court is reversed and remanded for further proceedings consistent with this decision. *Page 2 
 {¶ 2} Appellant Toledo Area Regional Transit Authority ("TARTA") sets forth a single assignment of error:
 {¶ 3} "The trial court erred and abused its discretion in granting the plaintiff-appellee's motion to compel discovery and ordering TARTA to produce documents that are protected by the attorney-client privilege and work-product doctrine."
 {¶ 4} On October 26, 2005, Edward M. Joyce fell into the street after exiting a TARTA bus. Joyce stumbled under the rear wheels of the bus and was fatally injured when the bus pulled forward. In October 2007, Joyce's estate ("appellee") filed this action against TARTA and bus driver Willie Rough. During the course of discovery, appellee sought the disclosure of "copies of any and all incident reports regarding the incident set forth in the Plaintiff's Complaint," "copies of any and all incident reports or other documents prepared by TARTA following the incident," and "any and all documents which refer and/or relate to the incident." TARTA responded by asserting that the requested documents were subject to attorney-client and work-product privileges and were therefore not discoverable. As a result, Joyce's estate filed a motion to compel discovery, asserting that defense counsel had improperly objected to the discovery request. In response, TARTA filed a motion for protective order and memorandum in opposition to the motion to compel, again asserting that the requested documents were privileged.
 {¶ 5} The trial court did not hold a hearing on either of the motions or conduct an in camera review of the documents in question. On April 30, 2008, the trial court issued *Page 3 
an order granting appellee's motion to compel and ordering appellant to provide the requested documents. The trial court did not state any basis for its decision. Appellant filed a timely appeal from that judgment.
 {¶ 6} Generally, trial courts are given broad discretion in the management of discovery. State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 57. Absent an abuse of that discretion, a trial court's decision on discovery issues will not be reversed. State ex rel. The VCos. v. Marshall (1998), 81 Ohio St.3d 467, 469. Nevertheless, Ohio courts have been called upon to review decisions regarding the discoverability of statements and documents which arguably might have been prepared in anticipation of litigation and are therefore protected by the attorney-client privilege or the work product doctrine. In so doing, the Ohio Supreme Court has held that, upon an assertion of attorney-client privilege, a trial court shall conduct an in camera review to determine whether such privilege applies and to avoid compromising any confidential information. Peyko v. Frederick (1986),25 Ohio St.3d 164. See, also, Stelma v. Juguilon (1992), 73 Ohio App. 377
(extending Peyko to include assertion of work-product privilege). CitingPeyko, supra, this court recently wrote that "[a]bsent such a hearing or inspection, any blanket grant of discovery is an abuse of discretion."Stegman v. Nickels, 6th Dist. No. E-05-069, 2006-Ohio-4918, ¶ 17. This court reversed the trial court's judgment in Stegman which granted a motion to compel without conducting a hearing or in camera inspection to determine whether the documents were privileged work product, and *Page 4 
remanded the matter for an evidentiary hearing and inspection of the documents in question.
 {¶ 7} In the case before us, this court will not determine the issue of whether the circumstances warrant the disclosure of any or all of the documents appellee requested. However, based on the foregoing, we must find that the trial court improperly granted appellee's motion to compel without conducting a hearing or in camera inspection prior to making such a determination. Accordingly, appellant's sole assignment of error is well-taken.
 {¶ 8} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed and remanded for that court to conduct an evidentiary hearing and to inspect the documents prior to making a determination as to whether the documents are privileged.
 {¶ 9} Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1