[Cite as *Zeller v. Maumee Valley Country Day School*, 2019-Ohio-3708.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Dana Zeller, et al.

Court of Appeals No. L-19-1085

    Appellees

Trial Court No. CI0201801681

v.

Maumee Valley Country Day School

**DECISION AND JUDGMENT**

    Appellant

Decided: September 13, 2019

* * * * *

Charles E. Boyk, Michael A. Bruno, and Kathleen R. Harris, for appellee.

Paul R. Bonfiglio, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an accelerated appeal from the judgment of the Lucas County Court of Common Pleas, compelling appellant, Maumee Valley Country Day School, to produce certain items in discovery to appellee, Dana Zeller. For the reasons that follow, we reverse.

## I. Facts and Procedural Background

{¶ 2} On Friday, February 19, 2016, appellee's minor son, S.Z., participated in a scrimmage between appellant's 4th and 5th grade basketball teams during the half-time break of the high school varsity basketball game. Following the scrimmage, the participants were ushered to an auxiliary gym where they were provided with pizza and refreshments. While in the auxiliary gym, the unsupervised children began playing games, including dodgeball. As the dodgeball game progressed, one of the students struck S.Z. in the head with a basketball, knocking him to the ground. The student then continued to throw footballs and a weighted medicine ball at S.Z., again striking him in the head. As a result of the blows to the head, S.Z. suffered a traumatic brain injury that caused him to miss nearly all of the rest of the school year.

{¶ 3} The following Monday, February 22, 2016, appellant's administrators began conducting interviews with all of the students that were present on February 19, 2016, to determine what occurred. Those interviews continued on Wednesday, February 24, 2016. No audio recordings of the interviews were taken. Instead, one of the administrators typed notes from the interviews.

{¶ 4} On February 26, 2016, the Head of School, Gary Boehm, sent a letter to all lower school parents informing them of the February 19, 2016 incident. Boehm stated in his letter that "the school has been investigating the incident to learn what happened, who was responsible, and what follow-up makes sense." Boehm further stated that, "I have spent hours over the past several days on the phone talking with involved parents as well

2.

as with members of my administrative team to try to develop a clear understanding of the events. * * * Our investigation continues and we will consider further consequences if we learn that more are called for."

{¶ 5} Sometime prior to March 2, 2016, appellant contacted its longtime counsel to assist in responding to the incident. Counsel acknowledged that upon being retained, she recognized a substantial likelihood that a claim or litigation in some form could follow. The notes from the interviews were then provided to counsel, who then discussed with school officials various aspects pertaining to the investigation as it was being conducted.

{¶ 6} On March 6, 2018, appellee filed a complaint against appellant on behalf of herself and S.Z. Thereafter, appellee served her first set of written discovery, requesting, among other things, information and documents related to appellant's investigation into the February 19, 2016 incident. Ultimately, appellant refused to provide the requested information, claiming that it was protected by the attorney-client privilege, the work product doctrine, and general notions of privacy.

{¶ 7} On October 17, 2018, appellee moved to compel the production of documents, and on November 14, 2018, appellant moved for a protective order. The documents in dispute were identified as 21 pages of typed notes, two pages of a summary graph, and 15 pages of hand-written notes that were taken by Boehm. Following further briefing by the parties, the matter was submitted to the trial court. The trial court did not hold a hearing on the matter, and did not conduct an in camera review of the contested documents.

3.

**{¶ 8}** On April 5, 2019, the trial court entered its decision, granting appellee's motion to compel. The trial court reasoned that the attorney-client privilege does not prevent disclosure of the underlying facts. The trial court found that, in this case, the notes were taken two years before litigation began, and thus were not taken temporally near to the litigation. Furthermore, although acknowledging that Boehm may have considered that litigation was a possibility, the court agreed with appellee that the notes were primarily a fact-finding mission by Boehm to determine what occurred on February 19, 2016. Given that the contemporaneous accounts from the students as derived from the notes were likely to be more accurate than any testimony given at a deposition three years after the incident, the court found that appellee was entitled to those notes in discovery. However, the trial court also recognized that the notes may contain Boehm's thoughts relating to discussions he may want to have with counsel. Thus, the trial court indicated that it would entertain a motion for an in camera review of specific statements or comments.

## II. Assignments of Error

**{¶ 9}** Appellant has timely appealed the trial court's April 5, 2019 judgment, and now asserts two assignments of error for our review:

> 1. The trial court erred in holding that the materials at issue in appellee's motion to compel and appellant's motion for protective order were not protected from discovery by the attorney client privilege.

2. The trial court erred in holding that the materials at issue in appellee's motion to compel and appellant's motion for protective order were not protected from discovery by the work product doctrine.

### III. Analysis

{¶ 10} Because we sua sponte find that the trial court abused its discretion in ruling on the motions to compel and for a protective order without conducting a hearing or in camera inspection of the documents, we will not address the parties' arguments.

{¶ 11} Our conclusion is guided by this court's decision in *Joyce v. Rough*, 6th Dist. Lucas No. L-08-1174, 2008-Ohio-5633, in which we reversed the trial court's order granting the plaintiff's motion to compel because the trial court failed to hold a hearing or conduct an in camera review of the documents at issue. We reasoned that while trial courts generally have broad discretion in the management of discovery, it is an abuse of that discretion to grant a motion to compel without conducting a hearing or in camera inspection to determine whether the documents are protected by the attorney-client privilege. *Id.* at ¶ 6, citing *Stegman v. Nickels*, 6th Dist. Erie No. E-05-069, 2006-Ohio-4918, ¶ 17 ("[a]bsent such hearing or inspection, any blanket grant of discovery is an abuse of discretion"). Here, because the trial court did not hold a hearing or review the documents in camera, we likewise hold that the trial court's April 5, 2019 judgment constituted an abuse of discretion.

{¶ 12} Accordingly, appellant's assignments of error, which contest the merits of the trial court's decision, are moot and are thus not well-taken.

5.

## IV. Conclusion

**{¶ 13}** For the foregoing reasons, we find that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to the trial court to conduct a hearing or in camera inspection of the documents at issue to determine whether they are protected by the work-product doctrine or attorney-client privilege. The parties are ordered to share the costs of this appeal evenly pursuant to our discretion under App.R. 24(A).

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.