DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that granted the summary judgment motion of defendant-appellee, American Family Insurance Company ("American Family"), and thereby dismissed the action for declaratory judgment and other relief filed by plaintiff-appellant, Journeyman Professionals, Inc. ("Journeyman").
 {¶ 2} The undisputed facts of this case are as follows. Journeyman is a construction company involved in all types of construction. In 2001, Journeyman entered into a contract with Merit Plumbing to construct the rafters, decking and roof on a building under construction and owned by Merit Plumbing. After the block walls had been constructed, Journeyman, on or about September 7, 2001, installed the trusses portion of the roof. Later that day, after Journeyman employees left the jobsite, the roof trusses collapsed, damaging a portion of a wall. Journeyman removed the ruined trusses and Merit Plumbing hired a different company to complete the project. Subsequently, Merit Plumbing and its insurer, Cincinnati Insurance Co., filed a complaint in Sylvania Municipal Court asserting that Journeyman was negligent in its installation of the roof trusses and that as a result thereof, Merit Plumbing sustained damages which had been covered by Cincinnati Insurance Co.
 {¶ 3} Previously, Journeyman, by and through its president Paul Syroka, had purchased a business key policy of insurance through American Family that was in force on the day of the accident. The policy included commercial general liability coverage. Syroka notified American Family of the accident shortly after it occurred, and made a claim for Journeyman's losses. American Family, however, denied coverage pursuant to the exclusions section of the policy.
 {¶ 4} On March 16, 2004, Journeyman filed a complaint for declaratory judgment and other relief against American Family in the court below. Journeyman alleged that its American Family policy of insurance covered property damage and other losses that occurred during Journeyman's operation of its construction business, that the losses Journeyman sustained as a result of the collapse of the Merit Plumbing roof were covered by the policy, and that American Family's refusal to cover those losses constituted a breach of contract. Journeyman then alleged that it was entitled to a declaratory judgment that its losses were covered by the insurance policy at issue. Finally, Journeyman sought punitive damages on the grounds that American Family's agents misrepresented that Journeyman's losses were not covered by the policy.
 {¶ 5} Both Journeyman and American Family filed motions for summary judgment in the court below. On November 16, 2005, the lower court issued an opinion and judgment entry which granted American Family's motion for summary judgment as to all claims, denied Journeyman's motion for summary judgment as to all claims and, thereby, dismissed the action. In particular, the court determined that an exclusion in the American Family insurance policy applied to the accident at issue. It is from that judgment that Journeyman appeals.
 {¶ 6} Appellant has raised three assignments of error. Although appellant raises different issues under each assignment of error, all three assignments of error read:
 {¶ 7} "The court erred in granting summary judgment for appellee's [sic] defendant's[sic]."
 {¶ 8} Appellant has, however, filed a notice withdrawing the second assignment of error. Accordingly, we will only address the first and third assignments of error.
 {¶ 9} Appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 10} In its first assignment of error, Journeyman asserts that the lower court erred in granting American Family's motion for summary judgment because there was no evidence that Journeyman was negligent in its construction of the Merit Plumbing roof.
 {¶ 11} It is well-settled that "an insurance policy is a contract, and that the relationship between the insurer and the insured is purely contractual in nature." Nationwide Mut. Ins.Co. v. Marsh (1984), 15 Ohio St.3d 107, 109. In addition, an insured has a duty to examine the coverage provided by the insurance contract and is charged with knowledge of the contents of his or her own insurance policy. Craggett v. Adell Ins.Agency (1993), 92 Ohio App.3d 443, 453; Nickschinski v. SentryIns. Co. (1993), 88 Ohio App.3d 185, 195.
 {¶ 12} The insurance policy at issue provided commercial general liability coverage for "bodily injury and property damage" as follows:
 {¶ 13} "We will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies. We will have the right and duty to defend the insured against any `suit' seeking those damages. However, we will have no duty to defend the insured against any `suit' seeking damages for `bodily injury' or `property damage' to which this insurance does not apply."
 {¶ 14} The exclusions section of the policy, however, states as follows:
 {¶ 15} "This insurance does not apply to"
 {¶ 16} "* * *
 {¶ 17} "j. Damage to Property
 {¶ 18} "`Property damage' to:
 {¶ 19} "* * *
 {¶ 20} "(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the `property damage' arises out of those operations; or
 {¶ 21} "(6) That particular part of any property that must be restored, repaired or replaced because `your work' was incorrectly performed on it."
 {¶ 22} The evidence submitted to the court below revealed that on September 7, 2001, Journeyman installed roofing trusses on the Merit Plumbing building. A short time thereafter, the trusses collapsed into a pile of mangled wood and damaged a wall of the Merit Plumbing building. No one could offer an explanation as to what caused the trusses to collapse although Paul Syroka speculated that high winds caused the collapse. Regardless, the insurance policy at issue does not require that Journeyman be negligent in order for the exclusion to apply. Rather, the exclusion listed in paragraph j(5) exempts from coverage damage to property on which Journeyman or any contractors or subcontractors working on Journeyman's behalf are performing operations if the damage arises out of those operations. It is undisputed that the property damage at issue, that is the damage to the trusses and the building, arose out of the installation of the trusses. Accordingly, the lower court did not err in granting American Family summary judgment and the first assignment of error is not well-taken.
 {¶ 23} In its third assignment of error, although the assignment is as quoted above, Journeyman argues that the lower court erred in failing to rule on and grant Journeyman's motion to amend its complaint to include a claim for indemnification. That motion was filed on September 6, 2005, after the Sylvania Municipal Court case resulted in Journeyman being obligated to pay Merit Plumbing's insurer $6,000.
 {¶ 24} It is well settled that "when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it." State ex rel. Cassels v. Dayton City School Dist.Bd. Of Edn. (1994), 69 Ohio St.3d 217, 223. Accordingly, we must determine if the trial court erred in denying Journeyman's motion to amend its complaint.
 {¶ 25} Civ.R. 15(A) provides that a party may amend his or her complaint as a matter of course once at any time before an answer is served. Otherwise the party may amend only by leave of court or by written consent of an adverse party. The rule directs the court to grant leave to amend "* * * freely * * * when justice so requires." Nevertheless, the decision to grant or withhold leave to amend lies within the discretion of the court and will not be reversed absent an abuse of that discretion.Wilmington Steel Products, Inc. v. Cleveland Elec. IlluminatingCo. (1991), 60 Ohio St.3d 120, 122. An abuse of discretion is more than an error of law or of judgment. The term implies that the court's attitude is unreasonable, arbitrary or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161,169. The trial court's analysis of a motion to amend should include whether the amendment is sought in good faith, whether there is at least a prima facie showing that the movant can support new matters encompassed in the amendment, or whether the amendment is sought merely to delay the proceedings. The amendment should not be unfairly prejudicial to the opposing party. Solowitch v. Bennett (1982), 8 Ohio App.3d 115, 117.
 {¶ 26} Upon review, we cannot say that the trial court abused its discretion in effectively denying Journeyman's motion to amend its complaint. The contract at issue clearly did not cover the damages caused by the collapse of the roof trusses and Journeyman has not pointed to any other provision in the insurance contract which gave it a right of indemnification against American Family. Accordingly, the third assignment of error is not well-taken.
 {¶ 27} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Pietrykowski, J., Parish, J., Concur.