DECISION AND JUDGMENT
{¶ 1} Appellants, Thomas and Donna Stegman, appeal from a decision of the Erie County Court of Common Pleas, granting summary judgment to appellees, Donald and Phyllis Nickels. For the reasons that follow, we affirm.
 {¶ 2} This matter began in 1994 when the Nickels rented a house they owned to the Stegmans. The lease provided that the Nickels would pay for insurance as to the house itself, but the Stegmans could either purchase renter's insurance or self-insure to *Page 2 
cover loss or damage to their personal property in the event of damage or destruction of the home. The Stegmans did not purchase renter's insurance.
 {¶ 3} On March 30, 2001, a fire destroyed the rental property, including all of the Stegmans' personal property. When the fire started, Mike Brewster, who had been hired by the Nickels to upgrade certain electrical components, was working on an electrical panel in the basement. He saw smoke seeping down through the floor boards and quickly exited the house, which was then completely destroyed by the fire.
 {¶ 4} The Nickels' insurer, Ohio Mutual Insurance Group ("OMIG"), assigned an adjuster, Aleta Roberts, to handle their insurance claim. On April 3, the Nickels received a $50,050 claim payment, and ultimately received a total payment of $78,790. The Stegmans were then notified that they had thirty days to retrieve property or arrange for inspection of the property. OMIG also hired an outside expert to evaluate and create a report as to his opinion on the fire and its possible causes.
 {¶ 5} The Stegmans did not arrange for a separate inspection of the residence or request that the Nickels delay demolition. They did, however, speak with and answer questions posed by the expert investigator hired by OMIG. The house was demolished over a period of four days, beginning on May 11, 2001. The Stegmans later sued the Nickels and Mike Brewster for damages, alleging that the Nickels had been negligent in the maintenance of the rental property. During discovery, the Stegmans sent interrogatories to the Nickels requesting "any and all documents which reference or pertain to inspection or investigative reports performed on the subject property after the *Page 3 
fire." The Nickels responded: "Objection. Testifying experts have not been identified as yet on [sic] such request violates Civil Rule 26(B)(4)."
 {¶ 6} The Stegmans then filed a motion to compel the production of all reports regarding any investigation of the causes of the fire. The Nickels opposed the motion, asserting that certain documents, including a letter to potential defendants and the report created by the outside expert, were protected as attorney work product created in anticipation of litigation, under Civ. R. 26(B)(4).
 {¶ 7} On April 28, 2005, counsel for Mike Brewster filed a suggestion of death stating that defendant Brewster had died on October 14, 2003 and that counsel had only recently acquired knowledge of his death.
 {¶ 8} On August 26, 2005, without examining any documents or conducting a hearing, the trial court granted the Stegmans' motion to compel on the basis of undue hardship. The court ordered that the documents be disclosed since the house had been completely demolished, and the Stegmans had "no possible way * * * to obtain any facts about the cause of the fire." Along with a motion for reconsideration and request for a protective order, the Nickels submitted the documents to the trial court, under seal, and filed an interlocutory appeal from the court's judgment. This court reversed the trial court's judgment finding that the trial court erred in granting the motion to compel without conducting a hearing or an in camera inspection to determine whether the documents were privileged work product or merely investigative business reports. Stegman v. Nickels, 6th Dist. No. E-05-069, 2006-Ohio-4918. The case was remanded *Page 4 
for the trial court to conduct an evidentiary hearing and to inspect the documents submitted under seal.
 {¶ 9} Said hearing was conducted on May 10, 2007 and the trial court denied the Stegmans' motion to compel. On December 3, 2007, the Nickels filed a motion for summary judgment which the trial court granted on February 14, 2008. The Stegmans now appeal setting forth the following assignments of error:
 {¶ 10} "I. The trial court erred in denying plaintiffs motion for substitution of party.
 {¶ 11} "II. The trial court erred in denying plaintiffs motion for joinder of party.
 {¶ 12} "III. The trial court erred in granting defendants' motion for summary judgment.
 {¶ 13} "IV. The trial court erred in denying plaintiffs motion to compel."
 {¶ 14} We will initially consider the Stegmans' third assignment of error. In their third assignment of error, the Stegmans contend that the court erred in granting summary judgment to the Nickels.
 {¶ 15} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 16} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the *Page 5 
motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ. R. 56(C).
 {¶ 17} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ. R. 56(E); Riley v. Montgomery (1984),11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc. (1999), 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
 {¶ 18} To establish an actionable negligence claim, "the plaintiff must show the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom." Texler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677, 680, 1998-Ohio-602. R.C. 5321.04
states that:
 {¶ 19} "(A) A landlord who is a party to a rental agreement shall do all of the following: *Page 6 
 {¶ 20} "(1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
 {¶ 21} "(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;
 {¶ 22} "(3) Keep all common areas of the premises in a safe and sanitary condition;
 {¶ 23} "(4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by him."
 {¶ 24} Violations of R.C. 5321.04 constitute negligence per se.Shroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20, 25. Under negligence per se, "a landlord's notice of the condition causing the violation is a prerequisite to liability." Sikora v. Wenzel (2000),88 Ohio St.3d 493, 495,
 {¶ 25} Generally an employer is not liable for an independent contractor's negligence. See Pusey v. Bator (2002), 94 Ohio St.3d 275,279. The rule applies in the landlord-tenant context. See Strayer v.Lindeman (1981), 68 Ohio St.2d 32. However, an exception to the general rule exists when the employer has a nondelegable duty. See Pusey v.Bator, supra. In Pusey, the court explained the nondelegable duty exception as follows:
 {¶ 26} "Nondelegable duties arise in various situations that generally fall into two categories: (1) affirmative duties that are imposed on the employer by statute, contract, *Page 7 
franchise, charter, or common law and (2) duties imposed on the employer that arise out of the work itself because its performance creates dangers to others, i.e., inherently dangerous work. Prosser Keeton, The Law of Torts (5 Ed. 1984) 511-512, Section 71; Albain v.Flower Hosp. (1990), 50 Ohio St.3d 251, 260-261. If the work to be performed fits into one of these two categories, the employer may delegate the work to an independent contractor, but he cannot delegate the duty. In other words, the employer is not insulated from liability if the independent contractor's negligence results in a breach of the duty." Pusey, supra at 279.
 {¶ 27} The Stegmans contend there is a material issue of fact as to whether or not the fire was caused by Mike Brewster's negligence. There is no evidence, however, that Brewster's actions caused the fire. The fire investigator's report cites arcing as the cause of the fire and the report fails to list any contributing human factors. There was no evidence that the Nickels failed to maintain the residence in a habitable condition or that they had any actual or constructive knowledge of any defect.
 {¶ 28} The Stegmans also argue for the application of res ipsa loquitur. Res ipsa loquitur is not an independent basis for recovery; it is merely a rule of evidence which permits, but does not require, the trier of fact to draw an inference of negligence from circumstantial evidence. Morgan v. Children's Hosp. (1985), 18 Ohio St.3d 185, 187. To support a claim of res ipsa loquitur, the Stegmans must adduce evidence in support of two conclusions: (1) the instrumentality causing the injury was, at the time of injury, or at the time of creation of the condition causing the injury, under the exclusive management *Page 8 
and control of the defendant, and (2) the injury occurred under such circumstances that in the ordinary course of events, it would not have occurred if ordinary care had been observed. Id. at 188.
 {¶ 29} The Stegmans presented no evidence that the fire occurred under such circumstances or that it would not have occurred if ordinary care had been observed by the Nickels. Mike Brewster was an independent contractor and, again, there was no evidence of negligence on his part that could be imputed to the Nickels. Accordingly, the court did not err in granting summary judgment to the Nickels and the third assignment of error is found not well-taken.
 {¶ 30} On October 2, 2006, the Stegmans filed a motion for substitution seeking to substitute Marilyn Brewster, administrator of the Estate of Mike Brewster. The Nickels opposed the motion arguing that it was untimely. On October 23, 2006, the Stegmans' motion was denied. In their first assignment of error, the Stegmans contend that the court erred in denying their motion for substitution.
 {¶ 31} Civ. R. 25(A)(1) provides as follows:
 {¶ 32} "If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 through Rule 4.6 for the service of summons. Unless the motion for substitution is made not later than ninety days *Page 9 
after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."
 {¶ 33} A party may, pursuant to Civ. R. 6(B), extend the time for substitution based upon a showing of excusable neglect. Young v. MerrillLynch, Pierce, Fenner Smith, Inc. (1993), 88 Ohio App.3d 12, 15-16. However, "the ultimate burden of complying with the temporal requirement of Civ. R. 25(A) rests with the party who brings the action " Barrett v.Franklin (1986), 32 Ohio App.3d 51, 54, overruled on other grounds byPerry v. Eagle-Picher Industries, Inc. (1990), 52 Ohio St.3d 168.
 {¶ 34} Here, the Stegmans waited more than five months after Brewster's death was suggested on the record before filing a motion for substitution. The Stegmans argue that their delay was due to the fact that Brewster's estate was not filed until more than ninety days after the suggestion of death was filed and the fact that an interlocutory appeal was filed. Even if we were to assume that these are valid reasons to delay filing a motion for substitution, we note that the Stegmans could have filed for an extension pursuant to Civ. R. 6(B), which they did not do. Accordingly, the trial court did not err in denying the Stegmans' motion for substitution and their first assignment of error is found not well-taken.
 {¶ 35} On October 31, 2006, the Stegmans filed a "motion for joinder of party" seeking to join the administrator of Mike Brewster's estate as a party to the action. The *Page 10 
trial court denied their motion. In their second assignment of error, the Stegmans contend that the court erred in denying their motion for joinder.
 {¶ 36} Civ. R. 19 provides for the joinder of persons who are necessary to grant complete relief to persons already parties. An appellate court reviews a trial court's decision on a motion for joinder under the abuse of discretion standard. Bailey v. Ohio Dept. of Motor Vehicles, (Dec. 31, 2002), 10th Dist. No. 02AP-378. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 37} Having already determined that there is no evidence that Mike Brewster was negligent, we do not find that the trial court abused its discretion in failing to join his estate as a party to this action. The Stegmans' second assignment of error is found not well-taken.
 {¶ 38} In their fourth assignment of error, the Stegmans contend that the court erred in denying their motion to compel discovery. Civ. R. 26(A) sets forth the general policy regarding discovery and provides:
 {¶ 39} "It is the policy of these rules (1) to preserve the right of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (2) to prevent an attorney from taking undue advantage of his adversary's industry or efforts." Civ. R. 26(B)(1) provides that the scope of discovery *Page 11 
liberally includes "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Trial preparation materials, also called attorney work product, encompass materials prepared in anticipation of litigation by a party or a party's representative and are discoverable only upon a showing of good cause. Civ. R. 26(B)(3); State v.Kemper, 158 Ohio App.3d 185, 2004-Ohio-4050, ¶ 20. "Good cause," under Civ. R. 26(B)(3), requires a showing of substantial need, that the information is important in the preparation of the party's case, and that there is an inability or difficulty in obtaining the information without undue hardship. Jackson v. Greger, 160 Ohio App.3d 258,2005-Ohio-1588, ¶ 34.
 {¶ 40} Generally, trial courts are given broad discretion in the management of discovery. State ex rel. Daggett v. Gessaman (1973),34 Ohio St.2d 55, 57. Absent an abuse of that discretion, a trial court's decision on a motion to compel will not be reversed. State ex rel. The VCos. v. Marshall (1998), 81 Ohio St.3d 467, 469.
 {¶ 41} The Stegmans sought production of all reports regarding any investigations into the cause of the fire. The trial court found these reports to be undiscoverable work product. The Stegmans argued that because the house was demolished, there is no other way for them to obtain the needed information without undue hardship. The trial court, however, rejected this argument noting that the Stegmans were duly notified and given plenty of time to obtain their own inspection of the property before it was demolished, but they chose not to do so. We do not find that the trial court abused its discretion in *Page 12 
denying the Stegmans' motion to compel discovery. The Stegmans' fourth assignment of error is found not well-taken.
 {¶ 42} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Erie County Court of Common Pleas, is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1