[Cite as *Kraus v. Kraus*, 2016-Ohio-972.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Dean K. Kraus                                          Court of Appeals No. E-15-012

      Appellee                                      Trial Court No. 2012-DR-0024

v.

Natalie M. Gardner Kraus                              **DECISION AND JUDGMENT**

      Appellant                                     Decided:  March 11, 2016

* * * * *

Kenneth E. Bogden, for appellee.

John A. Coble and Joseph F. Albrechta, for appellant.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

{¶ 1} Defendant-appellant, Natalie M. Gardner Kraus, appeals a decision by the Erie County Court of Common Pleas, Domestic Relations Division.  The court dismissed the case following the death of one of the parties in this divorce action, based on the absence of any motion to substitute the plaintiff-decedent.  For the reasons that follow, we affirm.

## II. Facts and Procedural History

{¶ 2} This case began with the filing of a "complaint for divorce, with children" on February 21, 2012, by plaintiff Dean K. Kraus against Natalie M. Gardner Kraus, the defendant and appellant herein. The parties were married for 18 years and had two minor children together. At the time of filing, the plaintiff had a terminal health condition. In an effort to finalize the divorce before he died, plaintiff requested that the court schedule a final hearing as soon as possible.

{¶ 3} On May 24, 2012, following discovery, a hearing was held before a magistrate. At the conclusion, the parties and their attorneys approved a "judgment entry decree of divorce." The 17-page decree states that the parties agreed to a series of terms and conditions, including parental rights and responsibilities, the division of real and personal property, and other financial matters. The judge and magistrate signed the decree, and no appeal was taken therefrom.

{¶ 4} Plaintiff died one month later on June 27, 2012.

{¶ 5} Nine months later, appellant filed a notice of substitution of counsel.

{¶ 6} On May 23, 2013, the eve of the one year anniversary of the divorce decree, appellant filed a motion for relief from judgment, pursuant to Civ.R. 60(B), in which she sought to have the divorce action abated and dismissed. In response, the plaintiff-decedent's attorney filed a "motion to dismiss," asserting multiple defenses, pursuant to Civ.R. 12(B). The matter was fully briefed by both sides.

2.

**{¶ 7}** On August 30, 2013, 14 months after plaintiff's death, appellant filed a "suggestion of death."

**{¶ 8}** On November 1, 2013, a magistrate dismissed without prejudice appellant's Civ.R. 60(B) motion, and appellant appealed. We remanded the case, finding that the magistrate's decision was not a final appealable order under Civ.R. 54(A). (Case No. E-15-012).

**{¶ 9}** Following this court's order of remand and briefing by both sides, the trial court vacated its previous order to "dismiss" appellant's Civ.R. 60(B) motion.

**{¶ 10}** Acting sua sponte and in light of the trial court's dismissal, we then dismissed the appeal, finding that "any appeal from the November 1, 2013 judgment is moot because it is no longer in existence."

**{¶ 11}** On January 21, 2015, the trial court issued the following order, which is the subject of this appeal:

> Pursuant to the Suggestion of Death filed by the Defendant (August 30, 2013) and by the Court's own Motion and substitution having not been made within 90 days, the Court hereby dismisses all matters pending before it pursuant to Civ.R. 25(A).

**{¶ 12}** Appellant filed a notice of appeal on February 17, 2015. She alleges three assignments of error.

3.

### III. Appellant's Assignments of Error

1. THE TRIAL COURT ERRED BY "DISMISSING" APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.

2. THE TRIAL COURT ERRED BY FAILING TO DISMISS THE UNDERLYING DIVORCE ACTION AS ABATED UPON THE DEATH OF APPELLEE.

3. THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.

### IV. Law and Analysis

{¶ 13} We begin with appellant's second assignment of error, in which she claims that plaintiff-decedent's death abated, or extinguished, the divorce action.

{¶ 14} Ohio's abatement statute, as set forth in R.C. 2311.21, provides:

> Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party.

{¶ 15} Even though divorce actions are not mentioned in the abatement statute, the Supreme Court of Ohio has held that "'it stands to reason that where one or both parties to a divorce action die before a final decree of divorce the action abates and there can be no revival (because) circumstances have accomplished the primary objective sought.'"

4.

*State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 99, 671 N.E.2d 236 (1996), quoting *Porter v. Lerch*, 129 Ohio St. 47, 56, 193 N.E. 766 (1934).  On the other hand, if one of the parties dies subsequent to a decree concerning property rights, but before the decree is actually journalized, the action does not necessarily abate.  *Id.*

{¶ 16} Here, plaintiff-decedent died after execution and journalization of the divorce decree.  Therefore, because a final decree is unaffected by the subsequent death of a party, decedent's death in this case had no impact on the then-resolved divorce action.  We find that the trial court did not err in failing to find that decedent's death abated the underlying divorce action.  We address appellant's argument—that the divorce decree was not a final appealable order—in our analysis of her second and third assignments of error.

{¶ 17} The bulk of appellant's argument with regard to abatement is centered on her claim that it was incumbent upon decedent's counsel to file a suggestion of death pursuant to Civ.R. 25(E) and that counsel's failure to do so abated the divorce action.

{¶ 18} Civ.R. 25(E) provides that, "[u]pon the death * * * of a party it shall be the duty of the attorney of record for that party to suggest such fact upon the record within fourteen days after the attorney acquires actual knowledge of the death."

{¶ 19} Thus, the clear language of the rule supports appellant's argument that decedent's counsel ought to have filed the suggestion of death.  The staff notes to the rule also indicate, however, that if the decedent's attorney "fail[s] to carry out the foregoing procedure, the opposite party, i.e. 'any party' as provided by Rule 25(A)(1), may suggest

the fact of death and serve a motion for substitution of parties * * *." *See also Johnson v. Welch*, 6th Dist. Lucas No. L-86-347, 1987 WL 12544, *2 (June 12, 1987) ("[I]t is permissible for any party to suggest the death of any other party upon the record."). In other words, once decedent's attorney failed to file the suggestion of death within 14 days of learning of his client's death, appellant should have done so.

{¶ 20} Appellant explains that she ultimately filed the suggestion of death, on August 30, 2013, "following repeated requests by appellee's counsel and the Magistrate." The filing of the suggestion of death triggered the deadline to file a motion to substitute decedent under Civ.R. 25(A)(1). The rule provides, in part,

> (A) If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and * * * shall be served on the parties as provided in Rule 5[.] * * * Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record * * * the action shall be dismissed as to the deceased party.

{¶ 21} "[T]he ninety-day time limit of Civ.R. 25(A)(1) does not apply unless and until a suggestion of death upon the record is made." 1 Baldwin's Oh.Prac.Civ.Prac., *Death of a party-Suggestion of death upon the record-Fourteen day time limit,* Section 25:6 (2014). *See also Craig v. Wright*, 3d Dist. Hancock No. 5-82-40, 1983 WL 10917, *8 (July 6, 1983). Moreover, a party who fails to file a motion within 90 days may seek

6.

leave to file out of time, pursuant to Civ.R. 6(B), upon a showing of excusable neglect. *Markan v. Sawchyn*, 36 Ohio App.3d 136, 521 N.E.2d 824 (8th Dist.1987).

{¶ 22} At the time the trial court dismissed the case on January 21, 2015, 513 days had elapsed since appellant filed the suggestion of death. Still, neither appellant nor decedent's counsel had filed a motion to substitute, nor sought an enlargement of time to do so. We note that appellant is not arguing excusable neglect or that she was unaware of her ex-husband's death. Instead, she claims that she had no duty to seek substitution.

{¶ 23} As discussed, appellant's argument is without merit. Moreover, a trial court does not err in denying a request for substitution where the party fails to file the motion within 90 days or fails to demonstrate excusable neglect under Civ.R. 6(B). *Stegman v. Nickles*, 6th Dist. Erie No. E-08-017, 2008-Ohio-5508, ¶ 33.

{¶ 24} In *Stegman*, the plaintiffs sued their former landlords and a contractor. When the contractor died, his attorney filed a suggestion of death. Well beyond the 90-day deadline, the plaintiffs filed a motion to substitute the contractor's wife as administrator for the estate. We affirmed the trial court's denial of the motion as untimely. We explained,

> Here, [plaintiffs] waited more than five months after [the contractor's] death was suggested on the record before filing a motion for substitution. The [plaintiffs] argue that their delay was due to the fact that [the contractor's] estate was not filed until more than ninety days after the suggestion of death was filed and the fact that an interlocutory appeal was

7.

filed. Even if we were to assume that these are valid reasons to delay filing a motion for substitution, we note that the [plaintiffs] could have filed for an extension pursuant to Civ.R. 6(B), which they did not do. Accordingly, the trial court did not err in denying the [plaintiffs'] motion for substitution and their first assignment of error is found not well-taken. *Id*. at ¶ 34.

We reached a similar result in *Terry v. Carney*, 6th Dist. Ottawa No. OT-98-039, 1999 WL 316898 (May 21, 1999). There, we affirmed the trial court's dismissal of the case notwithstanding plaintiff's argument that he had no duty to move for substitution of the deceased party because plaintiff did not know who to identify as the defendant's personal representative. *Id.*

{¶ 25} Here, it was incumbent upon appellant to file the motion for substitution. In so finding, we acknowledge language from *Stegman* indicating that "the ultimate burden of complying with the temporal requirement of Civ.R. 25(A) rests with the party *who brings the action*." (Emphasis added.) *Stegman* at ¶ 33, quoting *Barrett v. Franklin*, 32 Ohio App.3d 51, 54, 513 N.E.2d 1361 (1st Dist.1986), *overruled on other grounds by Perry v. Eagle-Picher Indus, Inc.*, 52 Ohio St.3d 168, 556 N.E.2d 484 (1990). Given the unique procedural history of this case, however, we find that the obligation to seek substitution was appropriately placed upon appellant. That is, even though the divorce case was originally brought by decedent, it had long since resolved, and it was appellant who attempted to resurrect it a year later with the filing of a Civ.R. 60(B) motion. Given

8.

that appellant was the party who would have benefitted from substituting decedent, she should be held accountable for failing to file the motion.

{¶ 26} For these reasons, we find that the trial court did not err in dismissing the case, based upon the absence of a motion to substitute parties. Appellant's second assignment of error is not well-taken.

{¶ 27} In her remaining assignments of error, appellant argues that the trial court erred with regard to her motion for relief from judgment.

{¶ 28} In the first assignment of error, appellant complains that the merits of her Civ.R. 60(B) motion were never addressed by the trial court. She argues that the court should have either granted or denied the motion, but it could not "dismiss" it. In her third assignment of error, she argues the substance of her motion and that the trial court erred in failing to grant it.

{¶ 29} A review of the record reflects that the trial court never ruled on appellant's motion. "It is well settled that 'when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it.'" *Journeyman Professionals, Inc. v. Am. Family Ins. Co.*, 6th Dist. Lucas No. L-05-1404, 2006-Ohio-5624, ¶ 24, quoting *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 223, 631 N.E.2d 150 (1994). Accordingly, we treat the absence of a ruling on appellant's Civ.R. 60(B) motion as a denial, and our role is to determine whether the trial court erred in so ruling.

9.

**{¶ 30}** A trial court's disposition of a Civ.R. 60(B) motion is reviewed solely for an abuse of discretion. *Eubank v. Anderson*, 119 Ohio St.3d 349, 2008-Ohio-4477, 894 N.E.2d 48; *McGee v. Lynch*, 6th Dist. Erie No. E-06-063, 2007-Ohio-3954, ¶ 29. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 31}** Civ.R. 60(B) provides, in part, that a court may relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud * * *; or (5) any other reason justifying relief from the judgment." In order to obtain relief under the rule, a movant must demonstrate that:

> (1) the party has a meritorious defense or claim to present if relief is
> granted; (2) the party is entitled to relief under one of the grounds stated in
> Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable
> time, and where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not
> more than one year after the judgment, order or proceeding was entered or
> taken.

*GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any one of the three *GTE* requirements is not met, the motion should be overruled. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

**{¶ 32}** In support of her Civ.R. 60(B) motion, appellant raises five distinct arguments, detailed below. She fails, however, to characterize them, or otherwise explain, how they might support her purported case under Civ.R. 60(B)(1), (3) or (5). It is not the court's job to guess or to make those arguments for her.

**{¶ 33}** In any event, appellant first argues that the divorce decree was not a final, appealable order because it failed to dispose of the marital property. In her words,

> The judgment of divorce in this case attempted to dispose of the marital asset (cash from a future real estate sale) by ordering the creation of a future *inter vivos* trust for the benefit of the parties' minor children. However, the elements for an *inter vivos* trust were not met, and no trust was created in the decree. Because the trust was not created, not all marital property issues were ever settled, and thus the order was never final and appealable.

**{¶ 34}** Second, appellant argues that the trial court erred when it allowed her to make an oral amendment to her answer at the start of the final hearing. Appellant amended her answer to include a counterclaim. Calling this issue one of first impression, appellant argues that the trial court violated Civ.Rs. 8 and 10 by permitting her to orally amend the pleading.

**{¶ 35}** In her third, equally creative argument, appellant claims that the granting of her motion to amend her answer triggered a 28-day "cooling off" period under Civ.R. 75(K). Appellant continues that, absent a written waiver of the 28-day period by *the*

11.

*plaintiff*, the trial court could not proceed with the divorce before June 21, 2012. As plaintiff did not waive the 28-day cooling off period, appellant argues that the final judgment is void.

{¶ 36} Appellant's fourth argument is that the divorce should not have been granted because *she* failed to put forth credible evidence of incompatibility under Civ.R. 75(M). Appellant called her father to testify on her behalf during the trial. She now claims that his testimony was "completely lacking in any foundation of personal knowledge and was also totally silent as to the issue of compatibility."

{¶ 37} Finally, appellant points to the divorce decree wherein the parties waived their respective right to have the magistrate prepare findings of fact and conclusions of law and further waived their right to object to the magistrate's decision. Appellant argues that "these ostensible waivers of judicial explanation were not lawful [under Civ.R. 53] and should be declared void."

{¶ 38} All of these arguments were available, and could have been raised, following the final hearing and judgment decree. "It well established that Civ.R. 60(B) is not available as a substitute for a timely appeal * * * nor can the rule be used to circumvent or extend the time requirements for an appeal." *Blasco v. Mislik*, 69 Ohio St.2d 684, 686, 433 N.E.2d 612 (1982). *See also Warner v. Hastings*, 6th Dist. Lucas No. L-98-1080, 1998 WL 769801, *2 (Nov. 6, 1998) (Issues relating to judgment entry of divorce regarding waiver "could have been raised in a direct appeal and are not proper subjects for a motion pursuant to Civ.R. 60(B).").

12.

{¶ 39} Moreover, with regard to the oral counterclaim, the cooling off period, and the testimony of appellant's father, we conclude that those arguments are governed by the "invited error doctrine." Under that doctrine, "a party is not permitted to take advantage of an error that he himself invited or induced the court to make." *Davis v. Wolfe,* 92 Ohio St.3d 549, 552, 751 N.E.2d 1051 (2001).

{¶ 40} Finally, appellant suggests that her motion was timely because it was filed within one year of the divorce decree, as required for motions brought under Civ.R. 60(B)(1) and (3). Appellant articulates no facts to explain why it took just one day shy of a whole year to file her motion. Absent any evidence to explain the delay, we cannot say that appellant satisfied her burden that it was reasonable in this case. *See Herlihy Moving and Storage, Inc. v. Nickison*, 10th Dist. Franklin No. 09AP-831, 2010-Ohio-6525, ¶ 15, ("[A]n unexplained or unjustified delay in making the motion [four months] after discovering a ground for relief may put the motion beyond the pale of a reasonable time."). *See also Teneric L.L.C. v. Zilko,* 8th Dist. Cuyahoga No. 91410, 2009-Ohio-1363, ¶ 18 (Trial court abused its discretion in granting relief, in part, to party who filed for relief four months after judgment where certificate of service demonstrated that party had received notice of adverse judgment.). As we found, because the grounds for relief were known at the time the divorce decree was entered, we see no reason why appellant waited one year to file the motion. We find the delay was unreasonable.

{¶ 41} Appellant failed to demonstrate any of the required *GTE* elements for a Civ.R. 60(B) motion, much less all three. Upon review of the matter, we conclude that

13.

the trial court did not abuse its discretion in denying appellant's motion for relief from judgment. Appellant's first and third assignments of error are found not well-taken.

{¶ 42} We hereby affirm the judgment of the Erie County Court of Common Pleas, Domestic Relations Division. Costs are assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                  _____
JUDGE

Stephen A. Yarbrough, J.              

James D. Jensen, P.J.                  _____
JUDGE

CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.